Taylor, Chief-Justice.
 

 The transcripts of the rerord in this case, roming from three several Superior Courts, are multifarious, and can only be understood by an at-tentite examination. It will therefore, materially facilitate the decision of the case, and enable us duly to estimate the objections made by the Prisoner’s Counsel, to exhibit a concise history of the cause from its commencement, as extracted from the several records sent up.
 

 At September, 1825, the bill of indictment purports to have been found a true bill, by a Grand Jury of Randolph County, in which the offence is laid to have been committed. This copy of the bill is free from the objection made to it, with respect to the Christian name of the deceased, for it is spelt
 
 Anne
 
 throughout : It is also free from the objection, that it does not appear, except inferentially, upon what part of the person of the deceased the strokes were given ; for it is directly charged, that the mortal wounds were given upon the sides of the head of the deceased. But the detect of the transcript consists, in not setting forth the name of the Judge, or of
 
 *515
 
 the Grand Juror* — I should rather say, it omits to state them : for whether it is erroneous on that account, Í do . . . ... . not give any opinion, and the sequel will show it to be unnecessary.
 

 The cause was continued until the Fall term of 1826, when the prisoner was arraigned, and pleaded not guilty, and upon his.affidavit, the case was removed to Davidson Superior Court. Nor does the transcript of the term when the removal was ordered, state (lie presence of any Judge.
 

 The cause being thus in Davidson, the prisoner was tried and convicted, at the Fall term of'that Court, in 1826, upon which be moved for a new trial, and in arrest of judgment; which motions were not disposed of at that term. But the prosecuting officer, having suggested a diminution of the record, a
 
 Certiorari
 
 was directed to Randolph, to send up a complete one.
 

 At the following term of Davidson Superior Court, a transcript was sent up from Randolph, which stated the name of the Judge and of the Grand Jurors. In one repetition of the name of ihe deceased, in the copy of the indictment, it is spelt
 
 Jinny.
 
 By this transcript it also appears, that the prisoner was arraigned, and pleaded as it is first above set forth. But it appearing to that Court still defective, a
 
 subpoena duces tecum
 
 was ordered to the Clerk of Randolph, to produce the original record, which was done at the same term, and the Deputy Cleric of Randolph permitted to amend the transcripts before sent, by the originals then produced. In the indictment copied into this transcript, there is one misspelling of the name
 
 Jinny.
 
 The reasons in arrest of judgment were then overruled, and the prisoner appealed to this Court, where a new trial was awarded. At the October term, 1827, of Davidson, the cause was continued on the prisoner’s affidavit.
 

 At die Spring term of 1828, it was removed to Guil-ford Superior Court, on the prisoner’s affidavit, where,
 
 *516
 
 during the same Circuit, it was tried, and the prisoner convicted ; who then moved in arrest of judgment, which being overruled, he appealed to this Court.
 

 S- veral objections have been here taken in arrest of judgment; and it is fit, in a case of so much importance, th->t they should he duly considered.
 

 The first relates to the manner of recording the verdict. it appears from the record, that the foreman was called upon to say, whether the prisoner was.guilty, or not guilty, of the felony and murder whereof he stood indicted, and he answered guilty. This is the established form, and is responsive to the question asked. The entry of the verdict is a form 1 act of the Clerk, and it is here, substanti dly and in effect, that the Jury fi d tire p isotier guilty of the felony and murder, whereof Iso stands indictid j for with that he is charged in *h»* indictment. They must necessarily find him guilty of the felony and murder, as charged in flic indictment, when they find him guilty in manner and form, as rbarged in the hill. The three first exceptious relating to this point are clearly untenable.
 

 The fourth exception denies the jurisdiction of Guil-ford Superior Court. But the transcript from Oaiidson County shows that art affidavit for removal was filed by the prisoner, that there was a Judge present, and that he made an order for the removal. It is difficult to conceive in what manner the Court of Guilford could be more completely possessed of jurisdiction, according to the act of Assembly.
 

 The arraignment is distinctly stated in the transcript hots- before and after the amendment, and each time it is stated to have taken place at September, 1826.
 

 Otner objections a>e — the omission of the conjunction
 
 that,
 
 and the Court’s having permitted the deputy Clerk to produce the original record, and amend the transcript by it. As to the first, the omission of >he word in no respect alters the .sense. It is designed as a note of con-
 
 *517
 
 nexion ; but whether vve say,
 
 that Jesse Upton
 
 is presented. or
 
 Jesse Upton
 
 is presented, the same idea is con-
 
 .
 
 . , ‘ veyod to the mind.
 

 The Deputy Clerk is an officer recognized by ihe law, acting under oath, and competent to do any art, which his principal, were lie present, might do ; and it was certainly proper in the Court, when they saw that the transcript was imp.-rfect, in oniitúng the name of the Judge, and the names of the Grand Jurors, to have it amended hy the original ; for the indictment could not have been found and returned, unless there had been a Judge and a Grand Jury, It would be a serious obstruction to the administration of justice, if transcripts sent from one Court to another sometimes loosely made up, could not be. amended hy the original record. St is every day’s practice to do so, and it is consonant with principle.
 

 The misspelling of the. name is immaterial, sinre it appears throughout the indictment to be the same person $ the
 
 Jinny
 
 murdered, is “
 
 the said Jlnne'’
 
 upon whom the felonious assault was made, arid who was hit and struck. The name with the final e, is as often called
 
 Jinny,
 
 as
 
 Jinn ;
 
 ami misspelling in a name, where the sound is not altered, is unimportant. Upon the whole, the conviction appears to be right, and the Superior Court must award the sentence of the law.
 

 Per Curiam. — Judgment affirmed.