## WILLIAMS *vs.* HART.

1. A writ of error bond without security does not operate as a supersedeas of the judgment, and in taking such bond the clerk commits no such breach of duty as will support an action against him.

2. A defendant, for the purpose of superseding the judgment against him, tendered to the clerk sufficient security. The clerk allowed the bond to be signed in blank, with the understanding that he might afterwards fill it up, but before it was filled up, the sureties revoked the authority.— The clerk, however, under the advice of counsel, proceeded to fill up the bond and certified it as a valid bond to the Supreme Court, where the judgment was affirmed against the defendant and his sureties, with ten per cent. damages. The sureties thereupon filed a bill against the plaintiff and clerk to relieve themselves from the judgment, and obtained a decree for a perpetual injunction : *Held*—That the clerk is liable to the plaintiff for the amount of the original judgment, with interest, and for such necessary costs as the plaintiff in good faith expended in defending against the chancery suit.

3. Whether the clerk is liable for the ten per cent. damages to which the plaintiff would have been entitled on the affirmance of the judgment in the Supreme Court had the bond been valid—QUERE?

Error to the Circuit Court of Sumter. Tried before the Hon. Geo. Goldthwaite.

THIS was an action on the case by the defendant against the plaintiff in error, clerk of the County Court of Sumter.— The facts, together with the question arising on demurrer to the

Williams v. Hart.

declaration, appear in the opinion of the court. The court charged the jury that the clerk in entering upon the duty of taking the writ of error bond came under an obligation to the plaintiff to take it properly, and having failed to perfect it whilst he had authority to do so, and having improperly filled it up after that authority was revoked and certified it to the Supreme Court as a valid bond, became liable to the plaintiff for the amount of the judgment and interest, provided Gibbs and Labuzan (the securities) were good for that amount, as well as for all costs reasonably incurred and paid in the chancery suit instituted by Gibbs and Labuzan to relieve themselves from the judgment against them; and that the fact that the defendant acted in good faith and under an honest mistake as to his power and duty could not change the result. To this charge the defendant excepted, and assigns it and the ruling of the court in respect to his demurrer as error.

J. L. SMITH, for the plaintiff in error:

The question is, whether the plaintiff in error made such an attempt to take a bond as would render him liable *to defendant in error* for a misfeasance in not doing it correctly, and if so, in what amount of damages?

1. He did not make such an attempt; he did not take a *voidable* bond, but he took *none at all.*—Frost & Dickerson v. Gibbs & Labuzan, 4 Ala. R. 730; the decree in chancery in this case.

2. The signatures in blank could not have rendered the plaintiff in error liable for refusing to fill up the bond, if he had discovered the securities offered were not good; nor could they have operated as a supersedeas, nor deceived nor excused the sheriff for his return of supersedeas, on an action against him for a false return.—Governor, use Hall v. Wiley et al. 14 Ala. R. 181; Nicholass v. Thomas, 4 Mass. 232; Pearce v. Atwood, 13 ib. 324; Sanford v. Nichols, ib. 286; Hoit v. Hooks, 14 ib. 210; 2 McMullen, 335.

3. The certificate to the Supreme Court did not operate to the injury of defendant in error, nor did the subsequent filling up of the bond. The sheriff had already returned the execution superseded.

4. The insolvency of Lunsford should have been considered in mitigation of damages.—Sedgw. on Meas. of Dam. 530; 1

Hawks, 426; 2 Greenl. 46; 10 Mass. 479; 13 ib. 187; 11 ib. 188; 13 ib. 416; 7 Yerg. 277; 8 ib. 470; 14 Verm. 40; 2 Sup. U. S. Dig. §§ 65, 71.

METCALFE, for the defendant:

1. It was the duty of Williams, as clerk, to take and approve a sufficient bond.—Clay's Dig. 297, § 6.

2. If it was not his duty and he undertook to do it, he is responsible for the consequences of not doing it properly.—Sedg. on Dam. 543.

3. His acknowledgment that a satisfactory bond had been given renders him liable for not sending such satisfactory bond to the Supreme Court.

4. Admitting Lunsford to have been insolvent when he applied for the writ of error, if he offered good securities Williams was bound to take it in a binding manner, and is liable for neglecting to do so.

5. The plaintiff or defendant in error is entitled to recover all he could have obtained by an affirmed judgment on a valid bond; for if Williams is responsible at all, he must be responsible to the same extent that the sureties would have been if he had taken a bond so as to be obligatory.—Sedg. on Dam. 349, 352; Simmons v. Bradford, 15 Mass. 82; Seeley v. Brown, 14 Pick. 177; Hall v. Brooks, 8 Verm. 485; Hoppel v. King, 7 Term. 370; 2 Wash. C. C. Rep. 132; 1 Cowp. 71.

6. He is also responsible for the costs and expense the plaintiffs were put to in defending the chancery suit which was brought about by his misconduct.—Tindell v. Bell, 11 M. & W. 228.

CHILTON, J.—The declaration in the record before us contains nine counts, to each of which a demurrer was interposed. The Circuit Judge sustained the demurrer to the seventh, but overruled it as to the other eight counts.

We are clear in the opinion the fourth count cannot be sustained. That avers a judgment by the plaintiff against Lunsford, and that while it was in full force, he applied to Williams, the plaintiff in error, and who was clerk of the County Court where said judgment was rendered, to supersede it: That said Williams issued a writ of error from the Supreme Court of Alabama on a bond having no security whatever, being the individ-

ual bond of Lunsford alone: That before the said plaintiff affirmed the judgment in the Supreme Court, which was at the term next succeeding the execution of said bond, said Lunsford failed, and became and was insolvent at that time: That one Whiting and Jones, who were sureties upon a forthcoming bond given in said cause before said writ of error was sued out, and before the judgment in said cause was superseded, were good and responsible for said judgment, interest and cost: That by reason of the said clerk's failure to take security from said Lunsford, the plaintiff lost all the judgment and the benefit of said forthcoming bond.

The issuance of the writ of error was a matter of right which the party could demand any time within the period prescribed by the statute as a bar—so that the clerk was justified in issuing the writ; but the count avers that Lunsford applied to *supersede* the judgment, and the clerk took his individual bond without security. What effect did this bond have upon the rights of the plaintiff? The statute declares when a writ of error shall be filed in the court, and bond and *security* be given according to law, it shall operate as a supersedeas.—Clay's Dig. 307, § 8; ib. 297, § 4. In Gibbs & Labuzan v. Frost & Dickerson, 4 Ala. Rep. 729-30, this court said, "the supersedeas is not the act of the clerk, but the legal consequence of the bond." If then the bond does not conform to the statute, (and certainly both the letter and spirit of the statute agree in requiring security to the bond,) it does not have the effect of superseding the execution. It follows that the bond in the case before us, regardless of what the clerk might have said to the sheriff, could not have had the legal effect of superseding the judgment, and if the plaintiff submitted to treat it as a supersedeas, it was his own folly, for which the clerk is not responsible. It is not avered in this count that Lunsford tendered security, by the rejection of which the plaintiff was injured, neither is it avered except inferentially that the judgment was superseded; but had such fact been avered, it would have amounted to the averment of a legal conclusion in direct opposition to the conclusion which the law deduces from the facts stated. The same may be said as it respects the loss of the security furnished by the forthcoming bond. The individual bond of Lunsford not having the effect of suspending the execution or superseding the judgment,

8

the forthcoming bond remained as effectual for all purposes as though the bond had not been executed. The plaintiff then, as the legal result of the facts stated in the fourth count, shows no injury for which the clerk can be held responsible. If the clerk takes insufficient security, the statute makes him liable.—Clay's Dig. 306, § 7. In such case the bond operates as a supersedeas; but where no security is given, the bond amounts to nothing. We conclude, therefore, that this count contains no cause of action against the clerk, as it shows no breach of his duty in refusing to take a good bond, for it does not appear that any surety was offered,—or in his superseding the execution by an insufficient bond, or giving a false certificate that bond and security had been given, in consequence of which the plaintiff was put to cost and expense in defending law suits, &c.

Without entering upon a critical examination of the other counts, which would unnecessarily lengthen out this opinion, it is sufficient to say that we regard them substantially good, and that the demurrers to them were properly overruled.

2. It appears by a bill of exceptions that Lunsford actually offered good security upon a writ of error bond—Gibbs and Labuzan; that they signed a blank bond and left it with Williams, the clerk, that he might fill it up, but before he exercised his authority the securities revoked it; that notwithstanding this revocation, the clerk proceeded to fill up the bond, and certified it to the Supreme Court, where an affirmance with ten per cent. damages was had upon it; that said securities filed a bill and perpetually enjoined said judgment as against them, said Williams being a party to said chancery proceedings. It further appears that the plaintiff below had expended in costs the sum of forty-two 75-100 dollars in defending against the chancery suit. Construed with reference to the state of facts detailed in the bill of exceptions, we think that it is quite clear the charge of the judge to the jury was free from error. It was the duty of the clerk to have taken a good bond when the party who sought to supersede the judgment tendered responsible security, and if the clerk permitted them to sign in blank, and afterwards filled it up without authority, giving to the plaintiff in ·the judgment a certificate that a good bond had been executed, upon which she obtained an affirmance, in consequence of which she expended the cost necessary to the defence of the chancery

suit, we have no hesitation in ruling that the clerk is liable at least to the extent assumed in the charge of the Circuit Judge— for the debt, interest upon it, and the cost necessarily expended in the chancery suit. It is made the duty of the clerk to receive and approve a good bond when the sureties are tendered him. This duty the clerk in the case before us entered upon, but he did not comply with the law. Instead of filling up a bond in proper form, and having it complete when the parties should sign it, he received their blank signatures that he might afterwards fill it up. This he doubtless did in good faith, under a firm belief that the parties would not revoke the authority confered upon him, and, as his subsequent conduct proved, that the law would not permit them to revoke it, should they be disposed to do so. In both, however, he was mistaken. They did revoke his power before he had executed it, and this court decided they had the legal right to do so.—4 Ala. 730. Here then was a breach of duty, occasioned it is true by misplaced confidence or a mistake of the law, but the result to the plaintiff is not the less injurious for that reason. The statute, which, so far as applicable to this case, but affirms the common law, declares that where any clerk of any court shall refuse or neglect to perform any of the duties required by law to be performed by such clerk, he shall be liable to an action on the case for damages to the party aggrieved.—Clay's Dig. 145, § 13. We conclude, therefore, the clerk was properly held liable.—See Sedg. on Dam. 528. The same author (p. 544) says "that it is a general principle that in an action against a sheriff for taking insufficient sureties, no more can be recovered against him than the party could have recovered against sufficient securities."— There is no reason why the same rule should not ordinarily apply to clerks who are charged with the duty of taking bonds. But in the case before us, the clerk, after consulting counsel, insisted upon his right to fill up the bond, and did so after his power was revoked. He was a party to the proceedings which were instituted to test the legality of his act, and if in that trial the plaintiff below incurred expense necessary to making a defence—such expense as a prudent man might well have incurred in his own case in resisting the application for a perpetual injunction—we do not think such damage too remote to be recovered in this action. It is true, as assumed by Lord Denman,

C. J., in Short v. Kalloway, (11 Adol. & E. 28,) "that no person has a right to inflame his own account against another by incurring additional expense in the unrighteous resistance of an action which he cannot defend;" but here the facts show that the defendant was advised by the best counsel he could procure that he had full power to fill up the bond, and it was due to him who also defended the chancery suit, that the plaintiff in this action should have used all reasonable exertion to sustain the exercise of the clerk's supposed authority, and thereby to save him harmless. We think this was one of the cases where good faith required that the plaintiff in the judgment should submit the validity of the bond to the test of judicial investigation. Besides, the clerk, having been made a party to the chancery proceedings, could at once have paid up the money, had he supposed the defence unavailing, and thus have put an end to the cost; but he did not do this, and should not therefore complain that the plaintiff expended cost in endeavoring to sustain what he (the clerk) and his counsel supposed to be a correct proposition of law, viz. that notwithstanding the revocation of his authority, he had full power to fill up the blank bond which Lunsford and his sureties had deposited with him. We think, therefore, the costs thus necessarily expended are properly recoverable in this action.

Whether the clerk is liable for the ten per cent. damages to which the plaintiff would have been entitled on an affirmance had there been a valid bond, is a question not presented, and one upon which it would be improper for us to express an opinion in the present posture of the record. As to the measure of damages, see Hughes v. Quentin, 8 C. & P. 703; S. C. Eng. C. L. Rep. 591; Clare v. Maynard, 7 C. & P. 741; S. C. 32 Eng. C. L. Rep. 713; Tindall et al. v. Bell et al., 11 M. & W. 228; Farris v. Lewis, 2 B. Mon. 375.

For the error in overruling the demurrer to the fourth count, the judgment must be reversed and the cause remanded.