The STATE, Respondent, *vs.* TAYLOR & GIST, Appellants.

1. On the trial of two persons jointly indicted for aiding and abetting a murder, an instruction to the jury that " if the defendants *or either of them* were present, &c., they must convict," will not be supposed to have misled them.
2. If, in an indictment for aiding and abetting a murder, a venue is laid to the murder itself, and it is stated that the defendants were *then* present, aiding and abetting, &c., this is sufficient.

*Appeal from Clinton Circuit Court.*

*Clark,* for appellants. 1. The first instruction declares *all* of the defendants guilty under the indictment if *one* was present, and is clearly erroneous. (19 Mo. 529.) 2. No sufficient venue is laid in the indictment. (1 Chitt. Crim. Law, 218, 222. 2 Chitt. Cr. Law, 4.)

*Gardenhire,* (attorney general,) for the State.

31—VOL. XXI.

RYLAND, Judge, delivered the opinion of the court.

The defendants, Benjamin Taylor and Henry Gist, together with William Taylor and Jacob Taylor, were indicted for the murder of George L. Oster, in the Circuit Court of Caldwell county, at the September term, 1853.

On the petition of the defendants, the venue was changed to the Circuit Court of Clinton county. At the November term of the Clinton Circuit Court, 1854, the case was tried between the State and the two defendants, Benjamin Taylor and Henry Gist; the defendant, William Taylor, having in the meantime made his escape from the jail in Clay county, and the defendant, Jacob Taylor, having obtained an order for a separate trial. The jury found the defendant, Benjamin Taylor, guilty of manslaughter in the second degree, and assessed his punishment to three years' imprisonment in the penitentiary. They also found the defendant, Gist, guilty of manslaughter in the third degree, and assessed his punishment to three months' imprisonment in the county jail, and the payment of a fine of one hundred dollars.

The defendants moved for a new trial, and also in arrest of judgment; these motions being overruled, exceptions were taken, and the defendants bring the case here by appeal.

The record is very voluminous, containing all the evidence, about which there is no controversy in this court; it will not, therefore, be necessary to make a statement in regard to it.

The appellants rely upon two grounds for reversing the judgment below. The first is in regard to an improper instruction alleged to have been given for the State, for which it is contended that a new trial ought to have been granted. The second relates to the indictment, which is objected to as insufficient, and for which it is contended the judgment should have been arrested.

Let us examine these grounds. The instruction alleged to be improper is as follows: " That, if the jury believe from the evidence, that George L. Oster was wilfully, deliberately, pre-

meditatedly and maliciously killed in the month of June, 1853, in the county of Caldwell, and that the prisoners, Benjamin Taylor and Henry Gist, or either of them, were present aiding, assisting, comforting and maintaining in the killing, they must convict."

The appellants contend that, as the defendants are all charged in the indictment as being present aiding, abetting, &c., this instruction declares all guilty under the indictment, if any one of them were present at the shooting. We do not think this the correct interpretation of this instruction ; nor do we suppose that the jury could be misled by it. It manifestly means that, if Taylor or Gist, or either of them, was present, aiding, assisting, comforting and maintaining in the killing, the jury must convict such as they shall find thus from the evidence present, aiding, &c. ; if but one, then convict him ; if both, then convict both ; if neither, then acquit both. It surely did not authorize the jury to convict both, though they should find one only present, aiding, &c. To give the instruction this meaning, would be to pervert it. It does not direct them to convict both, if one only was present aiding, &c., but to convict such and such only as they shall find present, aiding, &c.

We think the words of the instruction plainly mean this, and that they were so understood by the jury.

The fourth instruction asked for by the defendants, and given by the court, has a tendency to prevent the jury from being misled by this first instruction, even if it could have the meaning contended for by appellants. It is as follows : " Unless the jury believe from the evidence that the prisoners participated in the killing of George L. Oster, they will find them not guilty, although they may find that the prisoners, or either of them, were present when the killing took place, and did not interfere to prevent it ; their being present and failing to interfere to prevent the killing, will not authorize the jury to find the defendants, or either of them, guilty, unless the defendants, or either of them, went to the place to kill said Oster, or to assist in the killing." There is, in the opinion of this court,

no force in the first ground relied on by appellants for reversing the judgment below.

The next objection is, the want of venue; that there is no time, no place, to the averment in the indictment that the defendants were present, aiding, &c., at the killing. In looking into the indictment, we find that time and place are alleged to the assault, stroke and death; and it is averred that the defendants, Taylor and Gist, were present at the time, aiding and abetting. This we consider sufficient. Here, the time and place of the assaulting, shooting, and of the death of the deceased, George L. Oster, are properly set forth and averred, and immediately follows the averment that the defendants, at the time of committing the felony and murder aforesaid, in manner and form aforesaid, feloniously, wilfully, deliberately, and of their malice aforethought, were present aiding, helping, abetting, comforting, assisting and maintaining the said William Taylor in the felony and murder aforesaid, in manner and form aforesaid, to do, commit and perpetrate, &c.

The felony is first distinctly set forth—time, place and circumstances; the defendants are then charged with being present at the time, aiding, &c., to commit the murder; this we consider all-sufficient, without saying at the place in so many words; for, if they were present at the time, aiding, they must necessarily be at the place. Venue is only necessary to give the court jurisdiction; here, it is laid to the principal act, and it is averred that the aiders and abettors were present at the time, assisting to do the deed. They must be also present at the place; that is, they must be where the principal act was done. A venue laid to that act gives the court jurisdiction over the aiders and abettors of the action at the time.

Upon the whole, then, we find no error calling for the correction of this court. The judgment below is affirmed; the other judges concurring.