May Term,
1856.

MOORE
v.
ANDERSON.

---

MOORE *v.* ANDERSON and Another.

Suit by the assignee on the following instrument: "150 dollars, *August* 22, 1845. Thirty days after date, I promise to pay *St. Bt. Juda* and owners, or order, one hundred and fifty dollars for services rendered *St. Bt. Seabird. N. Moore.*"

*Held*, that the instrument is a note, negotiable under the R. S. of 1843.

*Held*, also, that under the R. S. of 1843 the real name of the payee need not be expressed in the note, but that he may be designated by any style or description agreed upon between the parties.

To prove that *William C. Anderson* and *Joseph H. Corn* constituted the

firm of *Anderson* and *Corn*, the record of a suit between *William H. Anderson* and *Joseph H. Conn* and *Nathaniel Moore*, was offered in evidence by the plaintiff and resisted, on the ground of variance, by the defendant, but the Court admitted it. *Held*, that the surnames *Conn* and *Corn* being *idem sonans*, the variance was immaterial.

The registration of a vessel, based upon the oath of the master, instead of the owner, is not on that account objectionable in evidence; and, though the registration is no evidence in favor of one claiming as owner, and insufficient to charge any one as such; yet where the question of ownership is merely incidental, it is *prima facie* evidence.

May Term,
**1856.**

MOORE
v.
ANDERSON.

APPEAL from the *Floyd* Circuit Court.

*Thursday,*
*May 29.*

DAVISON, J.—The appellees, by their partnership name of *Anderson* and *Corn*, sued *Moore* on a note for the payment of 150 dollars. The declaration alleges that *Moore*, on the 22d of *August*, 1845, made his promissory note whereby, thirty days after date, he promised to pay *Owen P. Crow*, (by the style of *St. Bt. Juda* and owners,) or order, one hundred and fifty dollars; that *Crow* was, then, the sole owner of the steamboat *Juda;* and that afterwards, on the same day, he indorsed said note to *Anderson* and *Corn*. The note is as follows: "$150, *August* 22, 1845. Thirty days after date I promise to pay *St. Bt. Juda* and owners, or order one hundred and fifty dollars for services rendered *St. Bt. Seabird—N. Moore*." Pleas, 1. *Nil debet*. This plea is verified by *Moore's* affidavit, which states that the matters alleged in the plea are true; and that affiant has good reason to believe, and does verily believe, that the assignment to *Anderson* and *Corn* was not made before the commencement of this suit. 2. That *Owen P. Crow* was not, as alleged, the sole owner of the steamboat *Juda*. By consent, the cause was submitted to the Court, who found for the plaintiffs; and over the motion for a new trial, there was judgment. The record contains the evidence. It was proved that the note was executed by *Moore*; and there was evidence tending to prove that *Owen P. Crow* indorsed it to the plaintiffs. For the purpose of proving that *William C. Anderson* and *Joseph H. Corn* constituted the firm of *Anderson* and *Corn*, the plaintiffs proposed to introduce the record of a suit between *Wil-*

May Term, 1856.

MOORE
v.
ANDERSON.

liam *H. Anderson* and *Joseph H. Conn*, and the said *Nathaniel Moore*. The introduction of this evidence was resisted on the ground of a variance between *Conn* and *Corn;* but the Court admitted it. We think these surnames are *idem sonans*, and the variance is, therefore, immaterial. No other objection being raised, the record was properly admitted. *Stewart* v. *The State*, 4 Blackf. 171. To prove the averment that *Owen P. Crow*, at the date of the note, and time of the assignment, was the sole owner of the steamboat *Juda*, the plaintiffs offered the registration or enrollment of that boat, made by the proper officer, at the port of *St. Louis*, on the 24th of *July*, 1845, under an act of Congress entitled "an act for the enrollment and licensing of ships and vessels," &c. The enrollment states that *John N. Young*, having taken the oath required by said act, and having sworn that *Owen P. Crow* is a citizen of the *United States*, and the owner of the ship or vessel called the "*Juda*" of *St. Louis*, whereof the said *Young* was then master, who was also a citizen of the *United States*, and that said ship or vessel was built at *St. Louis*, in the year 1842, &c.; and sufficient security having been given according to said act, the said steamboat was duly enrolled," &c. This, over the defendant's objection, was admitted. The registration being founded on the oath of the master of the vessel, and not of the owner, is not, as intimated by counsel, objectionable on that account. The master or person having command of the vessel, instead of the owner, is expressly authorized to make such oath. U. S. Statutes at Large, vol. 1, p. 289. The rule governing the admission of such testimony is this: where the right of property in a ship or vessel is directly involved in the suit, the registration itself would be no evidence in favor of one claiming to be the owner; because such registry is not a transaction of which the public officer who makes it is cognizant, it being nothing more than the owner's own declaration, nor is it sufficient to charge a person as owner, unless proved to have been made with his consent, or had been recognized by him. Where,

however, the question of ownership is merely incidental, the registry alone is deemed sufficient *prima facie* evidence. 1 Greenl. Ev. 494.—1 Phil. Ev. s. 114.—3 Kent's Com. 149, 150. (1) If the averment that *Crow* was the sole owner of the *Juda*, presented a mere incidental, and not a direct inquiry on the trial, the register was properly admitted. The declaration, it seems to us, would have been sufficient without any specific allegation of *Crow's* ownership. Suppose it was not so alleged, and the general issue, alone, pleaded, still it would have been incumbent on the plaintiffs to prove that, by the phrase "*St. Bt. Juda* and owners," *Owen P. Crow*, the assignor of the note, was intended. If the note was given to him by that style, it is unimportant whether he was or not the owner of the *Juda*. The material question, then, is not whether he was the sole owner of the boat, but, did he receive the note under the alleged style? Evidence that he was such owner might tend to establish the point that the note was given, as stated in the declaration; but such evidence would relate to a mere incidental question, namely, the ownership of the boat, the direct issues being, the execution of the note by the defendant, the assignor's title before he assigned it, and the assignment itself. True, there is, in form, a direct averment that *Crow* was the sole owner of the boat, and a plea in denial of that averment. Still, the nature of the inquiry is not changed; because the issue so formed is not within the substantial merits of the controversy. We think the enrollment was not inadmissible.

But the appellant assumes another ground. He contends that the note sued on was not assignable, that it was not negotiable by the law merchant, that the assignment of it by *Crow* did not pass a right of action to the plaintiffs, under our statute. The latter branch of this position is untenable. The statute under which the note was assigned provides, that "All promissory notes, bills, bonds, or other instruments in writing signed by any person or corporation, whereby such per-

son, &c., promises to pay any sum of money, or acknowledges any sum of money to be due, to any other person or persons, &c., shall be assignable and negotiable by endorsement thereon," &c.   R. S. 1843, p. 576.   This provision, it is said, does not authorize such an assignment as will vest in the assignee the legal title to a note, where the name of the payee does not appear on the face of it.   We are not inclined to adopt this construction. The legislature evidently intended to make all notes assignable; and if the instrument before us is a note, and we think it is, the statute embraces it.   Moreover, the statute does not require that the real name of the payee should be expressed in the note.   It must contain a promise to pay a person, &c.; but we perceive no reason why such person may not be designated on the face of the note, under any style or description agreed on by its parties.   Indeed, in the case before us, it may be said that the term "owners," as it occurs in the note, sufficiently indicates a person within the intent of the law. (2)

Per Curiam.—The judgment is affirmed with 5 per cent. damages, costs, &c.

W. T. Otto and J. S. Davis, for the appellant.

J. Collins, for the appellees.

(1) Counsel for the appellant in their petition for a rehearing cited the following authorities against the ruling of the Court as to the admissibility of the registry: 3 Greenl. Ev. s. 419.—2 Phil. Ev. 41, also pp. 85, 135, notes.—Coolidge v. N. Y. Insurance Co., 14 Johns. 308.—4 Taunt. 652.

(2) In Grant v. Vaughan, 3 Burr. 1516, it was held that a note payable to a ship or bearer was negotiable and payable to bearer.   In that case the words of the note were as follows: "Pay to ship Fortune or bearer," so much.   See, also, Parson's Merc. Law, 89, where the case is cited.