JAMES GORMAN, Appellant, *v.* CLEMENS DIERKES; Respondent.

1. *Evidence—Names.*—Where the spelling of a foreign name does not materially vary the sound, as Doerges for Dierkes, in the German language, it is not a misnomer.

2. *Practice— Pleading.* — Where the petition upon a mechanic's lien alleged that ten days' notice of lien had been given, and the answer did not specifically deny the averment as to time, the allegation as to time must be taken as admitted.

*Appeal from St. Louis Circuit Court.*

*Gray*, for appellant.

*Taussig*, for respondent.

HOLMES, Judge, delivered the opinion of the court.

This was a suit upon a mechanic's lien. The questions presented relate to the sufficiency of the notice; and it is objected, first, that the notice gave the name of the sub-contractor, from whom the amount of the demand was due, as "Clemens Dierges," when his right name was "Clemens Dierkes," in the German language; and, second, that it was not proved that the notice was given ten days before the filing of the lien.

There was some evidence tending to show that this name was frequently pronounced Doerges, with *g* hard, by persons not familiar with German words, and that the party himself

sometimes answered to the name so pronounced. Where the spelling of a foreign name does not materially derange the sound, as *Petris* for *Petrie*, in French, or the party is as well known by the one pronunciation as the other, it is not a misnomer—Petrie v. Woodworth, 3 Cai. R. 219. We think the names were *idem sonans*, and as nearly correct as ordinary people can be expected to attain to, when these foreign names come into general use among us.

As to the time of the notice, we think it was sufficiently proved. The petition alleged that ten days' notice had been given as required by law. The answer did not specifically deny this averment as to time, but took issue on the sufficiency of the notice generally. The sufficiency was established by the evidence in every particular except the time, and on this point it tended to show more than ten days' notice before the filing of the lien. The lien was filed on the 29th of November, and the witness stated that he received the notice in October or November. Whatever uncertainty there was about this proof, we think the objection was fully obviated by the state of the pleadings. The specific averment of ten days' notice was not in terms denied. The allegation might have been more specific; but such as it was, not being specifically denied, we think it should have been taken as admitted.

The court below decided that the notice proved to have been given, was not sufficient in law to enable the plaintiff to avail himself of the benefit of the act concerning mechanics' liens. According to the views herein expressed, we must hold this decision erroneous. The other instructions need not be particularly noticed; upon a new trial, they may be framed in accordance with this opinion.

Judgment reversed, and cause remanded. Judge Wagner concurs; Judge Lovelace absent.