Girous v. The State.

*S. J. Anthony*, *S. E. Perkins* and *Lewis Jordan*, for appellee.

———•———

## Girous v. The State.

RAPE.—INFORMATION.—An affidavit for rape charged that *"Lewis Geroux* did, on," &c., "at," &c., "unlawfully, forcibly and feloniously make an assault upon one *Sarah F. Tugaw*, a woman child, &c., and did then and there unlawfully, &c., ravish and carnally know." The information, founded upon the affidavit, charged that the offense was committed by *Louis Girous*, upon the person of *Sarah Tougaw*.

*Held*, 1, that the affidavit supported the information; 2, that it sufficiently appeared upon whom the rape was committed; and 3, that the variances in the names were immaterial.

APPEAL from the *Knox* Common Pleas.

GREGORY, J.—This was a prosecution for rape. The affidavit on which the information is based charges "that

on, &c., at, &c., one *Lewis Geroux* did then and there unlawfully, forcibly and feloniously make an assault upon one *Sarah F. Tugaw,* a woman child, under twelve years of age, and did then and there unlawfully, feloniously and forcibly ravish and carnally know."

The information charges "that one *Louis Girous,* on, &c., at, &c., in and upon one *Sarah Tougaw,* a woman child, under twelve years of age, did then and there unlawfully and feloniously make an assault on her, the said *Sarah Tougaw,* and then and there unlawfully and feloniously did carnally know." To give the court below jurisdiction, it was charged in the information "that the said *Louis Girous* is in the *Knox* county jail, on the charge of said felony, and has not been indicted by the grand jury."

The defendant put in the plea of "not guilty." Trial by jury; verdict, guilty; motions for a new trial and in arrest overruled, and judgment.

There is a bill of exceptions, setting out a part of the evidence, in which it is stated "this was all the evidence given tending to show that the defendant was in custody on a charge of felony." It is claimed that the information is not sustained by the affidavit; that the affidavit does not show on whom the rape was committed, and that there is a variance in the names of the parties; that in the affidavit the defendant is called "*Lewis Geroux,*" and in the information he is named "*Louis Girous;*" that the injured party is called "*Sarah F. Tugaw*" in the affidavit, and "*Sarah Tougaw*" in the information. The affidavit sustains the information. It sufficiently appears on whom the rape was committed. The variances complained of are immaterial.

The record was not made up under section 347 of the code. The evidence not being set out, we cannot review the ruling of the court on the motion for a new trial. *The State ex rel., &c.,* v. *Swarts et al.,* 9 Ind. 221.

The judgment is affirmed, with costs.

*C. M. Allen* and *F. W. Viehe,* for appellant.

*D. E. Williamson,* Attorney General, for the State.