## COMMONWEALTH *vs.* DANIEL STONE.

In a criminal trial, it is sufficient to sustain an averment of a name charged, if the jury find that the name proved, though differently spelled, is " substantially identical " in pronunciation.

COMPLAINT for assault and battery on " Catherine Marres." Trial in the superior court, on appeal, and verdict of guilty, before *Ames*, C. J., who allowed the following bill of exceptions:

" At the trial but one witness was produced on the part of the Commonwealth, and she said that her name was ' Catherine Mars,' pronouncing it as one syllable; but she did not say how her name was spelled. She also testified that she was assaulted and beaten by the defendant. The defendant contended, on her testimony, that the proof offered was a variance from the charge, and that evidence of an assault on ' Catherine Mars ' would not sustain a charge of an assault on ' Catherine Marres;'" and contended as matter of law that Marres is not *idem sonans* with Mars. The attorney for the Commonwealth contended that, as there was no question as to the identity of the transaction, or the persons concerned in it, the mistake in the spelling of the name was immaterial, unless there was also a difference in the pronunciation; and that the word Marres, if accented on the first syllable, did not differ substantially or perceptibly from word Mars. The court refused to rule on the question of *idem sonans;* but instructed the jury that, if the charge was in other respects proved, and if they found that in pronunciation the word Marres was substantially identical with the word Mars, they could find the defendant guilty."

*F. F. Heard,* for the defendant. The defendant does not dis‑ pute that the question of *idem sonans* is for the jury. *Regina* v. *Davis,* 2 Denison, 231. *Commonwealth* v. *Mehan,* 11 Gray, 321, 323. *Commonwealth* v. *Donovan,* 13 Allen, 571. But the judge was in error in instructing the jury that it would be sufficient if they should find that in pronunciation Marres was "substantia.ly identical" with Mars. They should have been instructed that the name must be strictly and accurately proved as charged. *Commonwealth* v. *Morse,* 14 Mass. 217. *Commonwealth* v. *Man‑ ley,* 12 Pick. 173. *Commonwealth* v. *Blood,* 4 Gray, 31, 33. The language of the whole instruction, addressed to laymen, unused to the niceties of criminal law, was adapted to induce them to jump over any technicality as immaterial, especially when following such language as was used in argument by the attorney for the Commonwealth.

*C. Allen,* Attorney General, for the Commonwealth. The jury might well find that the same rule applied in usage to the pronunciation of Marres as does to Hobbes, Welles and Willes.

BY THE COURT. The ruling was in conformity with *Common‑ wealth* v. *Donovan,* 13 Allen, 571.

*Exceptions overruled.*