## McLaughlin *v.* The State.

NAME.—*Idem Sonans.*—*Criminal Law.*—Prosecution by affidavit and information for assault and battery, the surname of the defendant being stated in the affidavit as "McGloflin," and in the information as "McLaughlin."

*Held*, that a motion to quash the information for variance in the name was properly overruled.

SAME.—*Recital of Name by Record.*—*Evidence.*—Where the record on appeal recites a name as that of a witness who gave testimony set out, but the name is not contained in what purports to be the statement made by the witness, it does not constitute a part of his testimony.

SAME.—*Evidence.*—Proof of an assault and battery on the person of Mrs. Grubbs could not sustain a prosecution for an assault and battery on the person of Caroline F. Grubbs.

From the Henry Circuit Court.

*J. Brown* and *J. M. Brown*, for appellant.

*C. A. Buskirk*, Attorney General, and *R. D. Doyle*, for the State.

BIDDLE, J.—Prosecution against the appellant by affida-

vit and information, for an assault and battery on the person of Caroline F. Grubbs.

The affidavit states the name of the appellant as Raleigh McGloflin, and the information states it as Raleigh McLaughlin. The appellant moved to quash the information for this supposed variance in the name. His motion was overruled, and we think properly. There can be no substantial difference in the pronunciation of the name in either orthography. They are *idem sonans.* We think there is no danger of mistaking the identity of the person on trial on account of so slight a difference in the name; and, if acquitted, there would be no difficulty in pleading the record in bar of a subsequent prosecution for the same offence.

· The appellant was tried, convicted and fined. He appeals. The evidence is before us. There is no proof of the name of the injured party. True, the record recites that " Mrs. Caroline Grubbs says, that, about the 29th of April, 1874, I was in the Gem Saloon," etc., etc.; but the part written in the third person is not, and does not purport to be, any part of Mrs. Grubbs' testimony. She testifies throughout her statement in the first person. The recital of a record is no part of a witness's testimony. *Wreidt* v. *The State,* 48 Ind. 579.

There is evidence in the record tending to show that the appellant committed an assault and battery on Mrs. Grubbs, but whether on Caroline Grubbs or not does not appear. In this respect, this case is the same as *McLaughlin* v. *The State, ante,* p. 279, and must be decided the same way.

The judgment is reversed, and the cause remanded, with instructions to grant the motion for a new trial, and for further proceedings.

DOWNEY, C. J., dissents, for the reasons stated in his dissenting opinion in the case of *Wreidt* v. *The State,* cited above.