## STATE v. DAVID HARE.

*Evidence—Idem Sonans—Larceny—Perjury—Variance.*

1. The defendant was indicted for perjury, charged to have been committed upon the trial of one *Willis Fain* for larceny ; the record introduced as evidence in support of the indictment, described the person charged with the larceny as *Willie Fanes* : *Held,* that it is within the rule *idem sonans,* and there is no variance.

2. Where a witness testified on the trial of an indictment for larceny that an officer took from the possession of the defendant therein certain coins, marked, by which he, witness, was enabled to identify them as his property : *Held,* that the testimony was material, and if wilfully false, constituted the crime of perjury.

(*State* v. *Patterson,* 2 Ired., 346 ; *State* v. *Johnson,* 67 N. C., 55 ; cited and approved).

CRIMINAL ACTION, tried before *Connor, Judge,* at February Criminal Term, 1886, of WAKE Superior court.

The defendant was convicted, and from the judgment thereon pronounced against him, appealed.

The facts necessary to an understanding of the questions raised upon the appeal, are stated in the opinion.

The Court, declining to give the special instructions which are set out in the opinion, among other things, charged the jury that " if the defendant swore that the money taken from Fain's trunk was marked, and that by such marks he could identify it as his, such testimony was material to the issue."

*Attorney-General,* for the State.
*Mr. J. H. Fleming,* for the defendant.

SMITH, C. J. The defendant was charged with perjury, alleged to have been committed when examined as a witness for the State on the trial of an indictment against one Willis

Fain for the larceny of certain money of the defendant. The false oath consisted in his testifying that one C. H. Pleasants, while engaged as an officer in making search, took from the trunk of the person accused of the larceny, certain marked silver coins, thus identified, as his own property, and delivered the same to him, the witness; whereas, no such marked coin was taken from the trunk and handed to him.

The Solicitor, in support of the charge, exhibited in evidence the record of proceedings in which the false oath is alleged to have been taken, and in which the person accused of the theft was designated by the name of Willie Fanes.

To the introduction of this evidence, upon the ground of a variance, in the name as given in the present indictment and as found in the record produced, the defendant excepted. The Court, on inspection, overruled the objection, and permitted the evidence to be read to the jury. To this ruling the defendant's first exception is taken.

The slight difference in the spelling and in the sound of the name, as found in the indictment and the record produced to support it, may fairly come under the rule *idem sonans.* Thus " Deadena" and " Diddena," *State* v. *Patterson,* 2 Ired., 346 ; " Susan" and " Susana," *State* v. *Johnson,* 67 N. C., 55 ; are held not to be variant names. So, in an indictment for selling liquor to a slave, the property of William Michaels, is sustained by proof that the owner's true name is William Michal. *State* v. *Haun,* Bus. 410.

Numerous cases on the subject are referred to in 1 Whar. Crim. Law, §597, but those of this Court are sufficient to sustain the ruling of the Court below. There is no suggestion to the contrary, and the identity of the party is shown.

The instructions asked on behalf of the defendant to be given to the jury, as understood, are, that the State must prove, beyond a reasonable doubt, in order to a conviction:

1. That no marked coins were taken from the trunk and delivered to the defendant.

2. That it was not material to show on the trial of indictment for larceny, that all the money found in the trunk was marked or stolen, and incumbent on the State to prove that the defendant did not receive any of such marked and stolen money.

3. It was not material to the issue in the larceny trial to prove that all the money given to the defendant was marked and stolen, but the State must prove that it was not the property of the defendant.

These substantially involve the proposition that the presence of marks on the coin is not a material element in the imputed crime, but the essence of the charge to be proved is, that the money did not belong to the defendant. It is true that the ownership of the coin, as charged in the indictment, was a fact necessary to be established in order to a conviction of the larceny, and whether marked or unmarked, the crime was the same; but the mark would furnish the means of identifying the money as that stolen from the defendant, and hence the testimony was material in the cause. The imputed falsehood is in the defendant's swearing " that the officer, while in search, took from the trunk of Willis Fain some marked silver coins, amounting to one dollar, and delivered them to me; that the silver coins were mine."

The proof is, that none of the coins had marks, and this establishes the falsehood of the testimony. The charge, in our opinion, meets every just claim of the defendant, and warranted the verdict.

No ground for the motion in arrest of judgment is assigned in the record, or pointed out in the argument, and we discover none.

There is no error. Affirmed.