STATE v. FRANK COLLINS.

*Indictment for Forgery—Practice—Mistrial—Former Jeopardy—Variance—Idem Sonans.*

1. A mistrial in a case not capital is a matter of discretion, and hence the plea of former jeopardy because of a mistrial ordered on a former trial of a defendant for the same offence was properly overruled.

2. It was competent on a trial for forgery for the State to show that a witness whose name was W. W. Vass was commonly known as "Maj. Vass."

3. Where an indictment for forgery charged that the name forged was " Major Vass," evidence that the signature was " Maj. Vase " was no variance, the name being *idem sonans.*

4. To sustain an indictment for forgery it is not necessary that the forgery should have been " calculated to deceive and did deceive," but only that there was a fraudulent intent to deceive by a forged paper, however awkward or clumsy the signature may be.

Indictment for forgery and altering the forged paper tried before *Bynum, J.,* and a jury, at September Term, 1894, of WAKE Superior Court.

On the first Thursday of the term the case was called for trial, and the defendant pleaded " not guilty." After empaneling a jury, a witness was sworn, and being asked to give the contents of the order alleged to have been forged, the defendant objected because the State had not served an order on him to produce the order, etc. The objection was sustained, and the Solicitor then announced that he could not

STATE *v.* COLLINS.

get on with the prosecution without proving the contents of the order, and asked that a juror be withdrawn and he be allowed time to serve the notice on defendant to produce the original.

The objection being sustained, the Solicitor announced that he could not get on with the prosecution without proving the contents of the order and, at his request, a juror was withdrawn, and time given to the Solicitor to serve the notice for the production of the original order. The defendant's counsel objected to the withdrawal of a juror, and stated that he would insist on a discharge of the defendant on the ground that he could not be put twice in jeopardy. The Court remarked to the counsel, " I will not order the juror withdrawn then, but if you insist that your client is entitled to his discharge, I will admit the evidence, and give you an exception, and you can appeal from that ruling."

Defendant's counsel then stated he would not insist on the discharge of the defendant. Thereupon, the Court ordered a juror withdrawn and a mistrial had. On the following day, after notice had been served to produce the order, the case was again called for trial, but before the jury was empaneled, defendant moved to be discharged upon the ground that he had twice been put in jeopardy. The motion was denied.

A jury was then empaneled and Sutton was again examined as a witness for the State. He testified : " The defendant presented me an order, saying, ' there is an order from Major Vass, read it,' and he held it in his hands. I read it and told him to sit down and wait until Mr. Robbins came. The order reads: ' Mr. Robbins, please send me one N. C. ham, 10 lbs.' It was signed ' Maj. Vass.' It was poorly written. Before Robbins came defendant left. I told him I I could not fill the order."

On cross-examination, witness said : " The ' M ' to Major was a small ' m,' and Major was spelt ' Maj.', and the latter name was spelt ' Vase.' "

W. W. Vass was next introduced as a witness for the State. He testified that he was known as Major Vass, and that his initials were " W. W." The State proposed to ask witness if he knew defendant. Defendant objected, because the witness had not been identified with the person named in the indictment. Overruled. Exception.

Witness resumed: " I never saw him that I know of until this case was before the Mayor of Raleigh."

The State proposed to ask witness if he ever wrote or gave to defendant any such order as the one set out in the indictment and testified to by Sutton.

Objection by defendant, because the witness had not been proven to be the person whose name was signed to the order as " Maj. Vase." Overruled. Exception.

Witness answered: " I never did; never gave defendant any order of any kind, nor signed one ' Maj. Vase.'"

Mr. Robbins was then examined for the State, and he testified: " Three days before the day the order was brought to Sutton, defendant came to my store and told me that Major Vass said send him a North Carolina ham. I asked him if he was working for Major Vass, and he said yes. I told him to tell Major Vass that I did not do business that way. That he would have to send an order or get a book." All of Robbins' testimony was permitted, under the objection that it had no reference to this case, and was irrelevant and referred to the offence of false pretence, and not that of forgery.

Defendant asked the Court to instruct the jury that there was a fatal variance between the allegations in the bill and the proof, in that the name was proven to be " Maj. Vase," and it was charged in the bill " Major Vass," and that the jury should acquit. His Honor refused to give this instruction, and told the jury that if they believed that the person referred to in the bill as " Major Vass " was W. W. Vass, and that the order was written " Maj. Vase," and that the order was presented by defendant for the purpose of procuring the ham,

and that he was attempting to induce the belief that W. W. Vass was the one who signed the order, the spelling "Maj. Vase" in the order would not be a fatal variance.

To this part of the charge, the defendant excepted.

There was no exception to any of the balance of the charge.

*The Attorney General* and *W. J. Peele*, for the State.
*Mr. J. C. L. Harris*, for defendant (appellant).

CLARK, J.: A mistrial in a case not capital is a matter of discretion. *State* v. *Johnson*, 75 N. C., 123. The plea of former jeopardy was therefore properly overruled. The second, third and fourth exceptions are without merit. The questions objected to were asked for identification. It was competent for the State to show that the witness, whose name was W. W. Vass, was commonly known as "Major Vass." The charge in the bill was that the name forged in the order was "Major Vass." The proof was that the signature was "Maj. Vase." This is *idem sonans* and no variance. *State* v. *Lane*, 80 N. C., 407. There, the charge was that the forged order purported to be drawn by J. B. Runkins on Dulks & Helker. The proof was that the name of the party whose signature was forged was J. B. Rankin, and the name of the firm to whom it was presented was Helker & Duts. This was held, in an opinion by SMITH, C. J., no variance, because "the difference is slight, and creates no uncertainty as to who were meant." As to whether "Maj. Vase" and "Major Vass" are *idem sonans*, and immaterial variance, we find numerous cases where a greater difference was held immaterial. In this State Runkins for Rankin, and Dulks & Helker for Helker & Duts, *ut supra;* also Willis Fain for Willis Fanes, 95 N. C., 682; Deademan for Diadenam, 24 N. C., 346; Michaels for Michal, 44 N. C., 410; Anny for Anne, 12 N. C., 513; Hawood for Haywood, 94 N. C., 613;

Susan for Susannah, 67 N. C., 55.   In other States, among many names held *idem sonans*, and not at variance, the following may be cited at random : Allesandro and Alexander, 105 Pa. St , 1 ; Anthrom and Antrum, 3 Rich, S. C., 68 ; Bobb and Bubb, 39 Pa. St., 429 ; Brearley and Brailey, 46 N. W. Rep., 101 ; Bert Samund and Bernt Sannerud, 38 Minn., 229 ; Barnabus and Barney, 17 Vt., 562 ; Beckwith and Beckworth, 4 Black, Ind., 171 ; Burdet and Boudet, 17 Ala., 106 ; Cuffee and Cuff, 12 Rich, S. C., 24 ; Conn and Coen, 8 Ind., 18 ; Colburn and Coburn, 23 Pick, 57 ; Doerges and Dierkes, 37 Mo., 576 ; Dillahanty and Dillaunty, 12 S. W. Rep., 55 ; Elliott and Ellett, 85 Tenn., 171 ; Fauntleroy and Fontleroy, 27 Tex. Appl., 381 ; Fabruary and February, 4 Tex. Appeals, 70 : Fayelville and Fayetteville, *U. S.* v. *Hinman*, 1 Bald., 292 ; Foster and Faster, 1 Tex. Appeal, 533 ; George Rooks and Geo. W. Rux, 83 Ala., 79 ; Giddings and Gidinas, 17 Wis., 597 ; Girous and Geroux, 29 Ind., 93 ; Heremon and Hariman, 19 Vt., 530 ; Haverly and Havely, 21 Mo., 480 ; J. D. Hubba and Joel D. Hubbard, 97 Mo., 311 ; Isah and Isaiah, 5 B. Mon., Ky., 297 ; Jefferds and Jervais, 147 Mass., 414 ; Kay and Key, 16 East, 112 ; Kealiher and Keolhier and Kelhier, 81 Me., 531 ; Kreily and Kreitz for Crits, 125 Ill., 141 ; Leberung and Lebrum, 2 Wash. U. S , 201 ; Lawson and Lossene, 81 Mo., 387 ; Leaphardt and Leaphat, 5 Black, Ind., 278 ; T. C. Lucky and C. C. Lucky. *Brown* v. *State*, 32 Texas, 124 ; Mary Etta and Marietta, 2 Texas Appl., 520 ; Minner and Miner, 15 Johns., N. Y., 226 ; McLaughlin and McGlofflin, 52 Ind., 476 ; Marres and Mars, 103 Mass., 421 ; Moser and Mousener, 1 Ark., 503 ; Nuton and Newton, 26 Minn., 529 ; Pilip and Philip, 1 Ala., 197 ; Petterson and Patterson, 9 Cow., N. Y., 140 ; Petrie and Petris (almost this very sound, e for s), 3 Cal., 219 ; Preyer and Prior, 61 Ala., 16 ; Rae and Wray, 3 Upp. L. J., 69 ; Shafer and Shaffer (also similar to the sound here), 29 Kan., 337 ; Shields and Sheals, 3 Luz. Leg. Obs. (Pa.), 174 ; Stafford and Stratford, Chitty,

355; Sunderland and Sandland, 2 How. Pr. Rep., 31; St. Clair and Sinclair, 39 Ill., 129; Storrs and Stores, 81 N. Y., 1; Sofira and Sofia, 7 Tex. Appl., 329; Tinmarsh and Tidmarsh, 11 Moore, 231; Userrey and Usery, 10 Ala., 370; Whyneard and Winyard, R. and R., 412; Zemeriah and Zimri, 55 Ill., 490. In *Gooden* v. *State*, 65 Ala., 178, the name attempted to be forged was Thweatt. The forgery had it Threet. The conviction was sustained. This indictment being for forgery, it was not necessary that the forgery should have been " calculated to deceive, and did deceive." That applies only to obtaining goods under false pretence. The forgery may be awkward or clumsy. The party is guilty if there is the fraudulent intent to deceive by a forged paper, though the forgery is detected. 8 Am. and Eng. Enc., 462. It is not essential that anyone should be actually defrauded. In the present case his Honor properly charged the jury that " If they believe that the person referred to in the bill as ' Major Vass' was W. W. Vass, and that the order written ' Maj. Vase,' was presented by the defendant for the purpose of procuring the ham, and that he. was attempting to induce the belief that W. W. Vass was the one who signed the order, the spelling ' Maj. Vase' would not be a fatal variance."                          No Error.