Bissell, J.
The only error assigned to this decree is predicated on the form of the summons and the proof of service whereon it was entered.
The principal argument rests on the motion filed to quash the summons and the affidavit attached whereby it was supported. As we look at it neither the motion nor the affidavit are before us. This question has been entirely settled by the supreme court and it is not debatable. There is no bill of exceptions in the record nor was any exception saved to the judgment or to the order denying the motion, and without some evidence thus preserved we are not at liberty to consider either the motion or the supporting affidavit. Rutter v. Shumway, 16 Colo. 95; Jordan v. The People, 19 Colo. 417.
The plaintiff attempts to answer this proposition by the contention that whatever is exhibited in the record proper may be used to support his position that the court was without jurisdiction to enter judgment. Without attempting to either examine or decide the question which is probably right and accepting the position in its entirety, the whole force of the argument is destroyed by what the record itself exhibits. Excluding the motion to quash the summons and the supporting affidavit, the writ conforms to the statute in all essential particulars. It names the parties to the action, the state, the county and the court in which the suit was brought, requires the defendant to appear and answer within the proper time and states that judgment by default will be taken against them according to the prayer of the complaint if they fail to appear and answer. It likewise substantially sets out and sufficiently so the cause of action on which the suit was brought. It is properly signed and according to the return of the sheriff was duly served. The summons commences 'with the title of the cause. This title contains the name of the complaining defendant and plaintiff in error, Laura N. Schlacks. The sheriff certified in his return that he duly served the summons with this title by delivering a copy of *132 it to Laura N. Schlacks with a copy of the complaint, and also makes an averment as to service on the other parties of which no complaint is made. The real basis of the plaintiff in error’s contention is that the return shows a service on Laura N. Schlack. On a motion to quash it is argued that this is fatal, and that there was no sufficient service of a proper summons whereon the judgment can rest. We do not believe the position well taken. We are very frank to say that we have examined the numerous authorities cited by counsel which they have very industriously gathered together and we do not think they would support his position even though the matter was fully and completely before us. Our statute widely varies from the statutes of other states particularly the amendatory act of 1891. Laws of 1891, sec. 2, p. 83, which is section 38a of Mills’ Annotated Code. “No service of summons shall be set aside or quashed for a technical error, defect, or omission either in the summons or in the service of the summons where the error, defect or omission affects no substantial rights of the defendant therewith served.” As we view it this is true in the present case. The copy which was served on Laura N. Schlacks was a substantial copy of the original summons and could in no wise be misleading, and the only defect or omission as we look at it is the omission of the letter “ s.” It is quite true in the address the singular word defendant in place of the plural is used, but in the title the names of all the defendants are correctly given, and it is to them that the greeting of the writ runs. The failure to conclude the summons is wholly unimportant because in all of its essential particulars antecedent thereto the statute respecting writs is fully followed. We simply throw out this suggestion more by way of answer to the arguments of counsel than because we desire or are called on to determine it. They are simply matters of our individual conviction rather than things on which the decision is based. An almost similar question was decided at the present term of court in an opinion written by Judge Wilson, wherein the act of 1891 was construed, and the mat *133 ter of defects in writs of this description fully considered. Rich v. Collins, 12 Colo. App. 511.
Recurring again to the only thing which is before us, to wit, the record, we hold that there is no such variance between the summons and the return as would invalidate the process. Much more serious errors have time and again in both civil and criminal cases occurred in returns on writs which have been served, in the introduction of warrants whereon criminal process has been issued, and the variance been held immaterial. It may not be necessary to cite the cases but they are so numerous and so uniform that they furnish full and complete support to the position which the court takes. Stevens v. Stebbins, 3 Scam. 25; Case v. Bartholow, 21 Kan. 300; Fletcher v. Conly, 2 G. Green, 88; Commonwealth v. Stone, 103 Mass. 421; Pillsbury et al. v. Cade, 9 Ohio, 117; Cleaveland v. The State, 20 Ind. 444; Moore v. Anderson, 8 Ind. 18; James v. The State, 7 Blackf. 325; Townsend v. Ratcliff, 50 Tex. 148; Galliano v. Kilfoy, 94 Cal. 86; Veasey v. Brigman, 93 Ala. 548; State v. Hare, 95 N. C. 682; McLaughlin v. State, 52 Ind. 476; Smurr v. The State, 88 Ind. 504; Rooks v. The State, 83 Ala. 79; Mallory v. Riggs, 76 Ia. 748; Williams v. The State, 5 Texas App. 226.
In these various authorities all sorts and forms of misdescription in writs and in papers which have been presented in evidence were considered by the courts wherein much broader and more apparent differences between the names occur than in this case and have been held immaterial variances, the process held good and the conviction sustained notwithstanding the defects. On the basis of these authorities as well as on the controlling force of our own statute respecting summonses, we must adjudge the summons and notice sufficient to support the decree, and the judgment will accordingly be affirmed.

Affirmed.