## Lynch *v.* Wilson.

Covenant on a lease of a tavern with certain articles for house-keeping. Among the articles specified in the declaration, are three termed *two waspans* and *one pair of waffle*. The lease produced on *oyer* mentions the same articles with those set out in the declaration, but describes the three above-named as *two wash-pans* and *one pair of waffle-irons*. The lease produced showed also that several words in it, (which were in the declaration,) had been crossed with a pen, but in such a manner as to leave them legible. The declaration did not profess to set out the lease *in hæc verba*. *Held*, that a demurrer for the variance could not be sustained.

When the pleader professes to give the tenor of a writing, or when *oyer* of a deed is given and *non est factum* pleaded, or when a record is described and *nul tiel record* pleaded,—verbal variances, except in cases of misspelling where the *idem sonans* is preserved and the sense of the word not changed, are fatal.

APPEAL from the *Putnam* Circuit Court.

DEWEY, J.—This was an action of covenant. The declaration sets forth a lease of a tavern stand, together with a great variety of articles of house-hold stuff. Among those specified are three which are termed "*two was-pans*" and "*one pair of waffle.*" On *oyer*, the defendant in the Court below spread upon the record a demise, enumerating the same articles as those alleged in that in the declaration, but describing the three above-named as "two wash-pans" and "one pair of waffle-irons." It appears also from the record, that many of the words in the lease as set out on *oyer*, are crossed by the mark of a pen, but in such a manner as to leave them legible and sensible.

The defendant demurred, demurrer overruled, and judgment for plaintiff.

It is contended that there is a variance between the lease described in the declaration, and that set out on *oyer* in two particulars—one as to the wash-pans and waffle-irons, and another produced by the crosses traced over a part of the words in the demise exhibited on *oyer*.

There are two classes of cases in which, in setting out written instruments in pleading, literal accuracy is necessary;—where the pleader professes to give the *tenor* of the writing; and where, on *oyer*, a deed is recited and *non est factum* pleaded. In the first instance, the instrument produced by him who pleads *it, must* correspond literally with that set out in the pleading; and in the second, the deed proved to have been executed must agree precisely with that contained in the *oyer*. In these classes may also be ranked the description of a record, when *nul tiel record* is pleaded. In all these instances, mere verbal variances, except those produced by misspelling, where the *idem sonans* is preserved and the sense of the word not changed, are fatal. Salk. 660.—*Boyce* v. *Whitaker*, Doug. 94. Cowp. 229.—5 Taunt. 707.

There is another class of cases in which the pleader does not profess to set out the *tenor* of a written instrument, but

its *legal effect* or *substance*. Here the pleading may be good, though it contain not a single word found in the document adduced in evidence to support it or given on *oyer*, with the exception of the names of the parties, and the statement of sums, times, and places. In this class, material variances changing the sense of the written instrument only are available. *Rex* v. *May*, Doug. 184.—*Morgan* v. *Edwards*, 6 Taunt. 394.—*Byne* v. *Moore*, 5 Taunt. 187.—1 B. & B. 443.—1 B. & C. 358.—1 Chitt. Pl. 5 Am. ed. 334.

Much of the misconception, which has prevailed on the subject of variance, and often given rise to contradictory decisions, has been caused by confounding the principles applicable to these several classes of cases.

In the case before us, the declaration does not profess to set out the deed in *hæc verba*, but the substance of it, and can be reached only by a material variance. The lease recited in the demurrer, and that described in the declaration, are substantially the same. The terms *was-pans* and *one pair of waffle*, connected as they are in the declaration with things of the like kind, cannot be understood to mean any thing different from wash-pans and waffle-irons. The case of *Morgan* v. *Edwards* is in point. The declaration described a lease of a colliery " with privilege to dig, sink, drive, run, and make pits, shafts, levels, and *sloughs*." The instrument offered in evidence in support of that allegation had *soughs* instead of *sloughs*. Although these words have distinct and very different meanings, the Court held the variance not material, because it was evident, the privilege of making " sloughs," or quagmires, in working a mine, could not have been intended by the parties, but that the right to make " soughs" or drains, which are useful in such works, was clearly their intention.

There does not appear to be any variance in consequence of the crosses traced over some of the words of the lease as given on *oyer*. The crosses do not render the crossed words illegible; and if these words be considered as a part of the instrument, it agrees with that set out in the declaration. The Court, in considering the demurrer, could not say they were not a part of it. Why the crosses were made, by whom, under what circumstances, whether they cancelled the deed, or the words crossed were meant to be expunged or not, might have been questions of fact proper for the inquiry of a jury

upon *non est factum.* The Circuit Court committed no error in overruling the demurrer to the declaration.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*J. Whitcomb,* for the appellant.

*C. P. Hester,* for the appellee.