ALVORD         The general denial, except *non est factum*, is in by law,
v.
MOFFATT.   without being pleaded, in suits before a justice of the peace.
And under it, everything but the statute of limitations, set-
off, and matter in abatement, may be given in evidence.
2 R. S. p. 455, § 34.    The filing of a bill of particulars of
an account, is a sufficient plea of set-off before a justice.
2 R. S. p. 458, § 36.    No replication is required.    *Id.* § 37.

---

ALVORD and Others *v.* MOFFATT.

There is not a fatal variance between the names *Charlestown* and *Charleston*.
The names are *idem sonans*.

Wednesday,     APPEAL from the *Vigo* Court of Common Pleas.
June 2.
*Per Curiam.*—This was an action by Mrs. *Moffatt*,
against the members of the *Western Stage Company*, to
recover the value of a trunk and contents, alleged to have
been lost by said company, in their character as common
carriers.    The plaintiff recovered below.

The points relied on here to reverse the case, are, that
the evidence does not sustain the judgment, and that it
discloses a fatal variance.    We think the evidence tends to
sustain the verdict.    The variance is this: the declaration
alleges that the trunk was received by the company to be
conveyed to *Charlestown, Illinois*.    In speaking of the place,
some of the witnesses call it *Charleston*, and the company
prove that their line of stages was to *Charleston;* but the

evidence shows the place designated *Charleston*, to be in Coles county, *Illinois*, and the place designated *Charlestown*, to be in the same county, and that the line of stages on which the trunk was placed, ran to *Charleston*, and *Charlestown*, in that county, and that there was but one line running. The evidence shows that both sets of witnesses referred to the identical place. And we think the two words are *idem sonans*. It has been held by this Court that *Beckwith* and *Beckworth* are *idem sonans; so* of *Adanson* and *Adamson; was pans* and *wash pans.* 4 Blackf. 288.—*Id.* 171.—7 *Id.* 325. (1)

The variance could have been obviated by amendment below, and may be here.

The judgment is affirmed, with 5 per cent. damages and costs.

*C. Y. Patterson* and *J. P. Usher*, for the appellants.

(1) See, also, 8 Ind. R. 18, *Conn* and *Corn.*