## Edward Burgess v. M. C. & N. W. Railroad Co.

1. GENERAL STATUTES; *What they Embrace*; *Former Statutes Repealed.* In the general statutes the legislature intended to present a revision of all the laws of a general nature then in force in this state.

2. ————— *Ch. 119, Construed.* By section 1 of chapter 119 of the general statutes it prescribed what acts should form the general statutes; and by section 2, it in terms repealed "all other acts of a general nature embodied or reënacted, in whole or in part, in any of the statutes hereinbefore enumerated, or repugnant thereto." In determining the scope of this repealing clause, these rules obtain: First, no matter how many different subjects or sections are included in a prior act, if any one of them is embodied or reënacted in the general statutes, the entire act is repealed. Second, it is not essential that the exact phraseology, or the exact provision, be retained. The idea is, that if the attention of the legislature was directed to the prior act, and it took certain portions for incorporation in the general statutes, although in so doing it changed somewhat the phraseology, or partially enlarged or restricted the provision, it thereby manifested its intention to drop from the laws all the remaining portions of that act. Third, an act amending an act, is to be taken as simply a portion of the amended act, and not as an independent statute.

3. RAILROAD LIEN LAW OF 1865—*Repealed by Revision.* Chapter 45 of the laws of 1865, which purported to authorize mechanic's liens upon railroads, was repealed by the general statutes, known as the revision of 1868.

*Error from Cherokee District Court.*

ACTION by *Burgess* to foreclose a mechanic's lien on the road-bed of the *Memphis, Carthage & Northwestern Railroad Company.* The pleadings, and proceedings, are sufficiently stated in the opinion. A money-judgment was entered by consent; but the district court, at the October Term 1874, refused to decree a lien on the road-bed for the amount due, and *Burgess* brings the case here on error.

*Hill & Bowman,* and *W. R. Cowley,* for plaintiff.

*Hallowell & Anderson,* and *H. H. Harding,* for defendant.

The opinion of the court was delivered by

BREWER, J.: Plaintiff sued for work done in constructing defendant's road-bed, and to foreclose a mechanic's lien thereon. A demurrer to the petition was filed by defendant. Before any hearing was had, this agreement was entered into:

"It is hereby agreed, that a judgment may be entered in the above-stated case in favor of the plaintiff for the sum of seventy-three thousand six hundred and sixty-one dollars. And it is also hereby agreed, that the judgment so entered will be entitled to a credit of the amount which has been paid to sub-contractors and laborers of the said plaintiff (Edward Burgess) by the defendant on that part of the Memphis, Carthage & Northwestern railroad between Minersville, Missouri, and Oswego, Kansas, when the exact amount therefor has been ascertained, and proper vouchers therefor furnished. This agreement is not to authorize the establishment of the lien prayed for in the petition."

In pursuance of this agreement a money-judgment was entered against the defendant. At a subsequent term, plaintiff appeared, and moved for a decree of foreclosure of the mechanic's lien. This motion was overruled, and this ruling is the alleged error. Two questions are presented. Did the

laws of Kansas, at the time, warrant a mechanic's lien on a railroad? If they did, was the plaintiff under the pleadings and stipulation entitled to a decree of foreclosure? In reference to the first question, this is the proposition of the counsel for plaintiff:

"The statute of 1865, pp. 105, 106, Laws of Kansas, gives an express lien upon railroads to the parties who construct them, do work upon them, or furnish materials to construct them. If this law of 1865 is not repealed by the revised laws of 1868, then the lien of plaintiff upon the road-bed of said railroad constructed by him, is perfect, and judgment on the lien should have been entered for him at the spring term of 1875, May 21st, when the motion was made by plaintiff for a decree foreclosing the lien upon the road-bed."

Was the law of 1865 repealed? The legislation of 1868, known as the general statutes, was intended as a revision of all the laws of a general nature. The legislature of 1867 provided for the appointment of a commission "to revise and codify the civil and criminal codes of procedure, and all laws of a general nature of this state." It was made the duty of the commissioners "to make a complete compilation of the laws of the state to the present session of the legislature, its acts included, omitting all such acts or parts of acts as have been repealed or amended." Laws 1867, p. 150, §§ 1 and 5. The commissioners were appointed, did the work, and reported to the legislature of 1868, by which their report was in the main adopted. The last act in the general statutes is entitled "An act concerning the general statutes." The first section provides what shall constitute the general statutes, to-wit, all the acts revised by the commissioners and reported to and enacted by the legislature, all general acts of that legislature, and certain acts of preceding legislatures which are specially named. Section 2 then reads, that "All other acts of a general nature, embodied or reënacted, in whole or in part, in any of the statutes hereinbefore enumerated, or repugnant thereto, are hereby repealed." Now the act of 1865 above cited is not among those specially named, is an act of a gen-

*1. General Statutes of 1868, what are embraced.*

*2. Ch. 119 construed.*

eral nature, and is repealed, or remains in force, according as it is or is not "embodied or reënacted in whole or in part" in any of the general statutes. It will be noticed that this repealing clause specifies "acts," and refers to statutes as entireties, and not to the various matters and subjects embraced in statutes. It matters not therefore how many different subjects or sections are included in the same act, or how independent and distinct those subjects or sections may be, if any one of them is embodied or reënacted in any of the general statutes, the whole of the act from which such section or subject is taken is repealed. Thus, if a statute prior to 1868 contained provisions concerning the place of bringing certain actions, and also provisions concerning the time for bringing such actions, and only those provisions concerning *the place* were found in the general statutes, the clause we have quoted would operate as a repeal of the entire statute, although it thus left an entire omission of legislation on the subject of the time for such actions. It is a familiar rule, that a statute revising the whole subject-matter of a former one, and evidently intended as a substitute for it, will operate as a repeal of the former statute, although it contain no express words to that effect. *Farr v. Brackett*, 30 Vt. 344; *Giddings v. Cox*, 31 Vt. 607; *Bartlett v. King*, 12 Mass. 537; *H. M. Canal Co. v. Chicago*, 14 Ill. 336; *State of California v. Onkling*, 19 Cal. 501. And it is also true, that when a legislature makes a general revision of the laws, its intentions may be as clearly indicated by what it omits as by what it embodies of laws revised. Here the legislature intended a general revision, and in plain language has declared its will, that the general statutes should contain all the laws of a general nature to remain in force, save and except only those prior general acts whose provisions and sections were wholly ignored in the revision. It is not sufficient therefore to inquire whether the general statutes contain any provisions for mechanic's liens on railroads. An omission of any such provision would not necessarily leave the statute of 1865 thereon in force. We must also inquire whether any portion of the act of 1865, in which is found the provision concerning

such liens, is embodied or reënacted in the general statutes, for if so, the entire act of 1865 is repealed. Neither is it essential that the exact phraseology, or the exact provision of the prior act, be retained in the general statutes, in order to make this repealing section applicable. The idea is this, that if the attention of the legislature had been directed to a prior statute, and it had taken certain portions of it for incorporation into the general statutes, although in so doing it changed the phraseology, or enlarged or restricted the provisions, it thereby manifested its intention to drop from the laws all the remaining portions of that statute. One thing more: an act amending a section of a prior act is, for the purposes of this repealing clause, to be taken as simply a portion of the amended act, and not as an independent statute. In other words, by the amendment the old section is stricken out, and the amended section inserted, and the whole is to be treated as a single statute. It is perhaps not necessary in this case to resort to this rule, for independent of it, and having regard simply to the amended section alone, the same result will follow. Turning now to the laws of 1865, we find that chapter 44 is an act "for the incorporation and regulation of railroad companies," and contains some twenty-eight sections, with various provisions bearing upon those general subjects. Section 6 provides for the collection of unpaid installments of stock, and contains no reference to mechanic's liens. Chapter 45 is an act to amend chapter 44, was approved the day after the approval of the last-named act, and amends only section 6. After providing for the collection of unpaid installments, it adds in the same section these words:

3. Railroad lien-law of 1865 repealed.

"And any person who shall perform any labor, or furnish any material for the construction, repairing, or altering of any railroad, shall have a lien for the same, in the same manner as though the same were a building, and such lien shall extend to the whole railroad, together with all the real property connected with the road."

The validity of this portion of the act is challenged by

defendant in error, under section 16, of art. 2 of the state constitution. *Commissioners of Sedgwick County v. Bailey*, 13 Kas. 600. But we do not care to examine that question. It needs but a slight examination to show that many of the provisions of chapter 44 are incorporated into the general statutes, and are to be found in chapter 23 of those statutes. And even as to the single matter of collection of unpaid installments, found in chapter 45, we find in sections 29 and 30 of chapter 23 of the general statutes provisions made in aid of all corporations for the collection of unpaid installments, one of which is the same as one of those named in chapter 45, to-wit, civil action. We think therefore, for the reasons given, not only said chapter 44, but also the amendment to section 6 thereof, found in chapter 45, must be held to be covered by the repealing section of 1868. It should also be stated that the general statutes contain full provisions for mechanic's liens, so that the general subjects of the incorporation and regulation of railroad corporations, and of mechanic's liens, were presented to the attention and consideration of the legislature of 1868, and received such legislation as was deemed necessary.

We see no error in the ruling of the district court, and the judgment will be affirmed.

All the Justices concurring.