JESSE EVANS AND CHAS. D. NELSON v. GREEN ADAMS.

ACT FOR PROTECTION OF STOCK FROM DISEASE; *Amendments Thereto;*
*Jurisdiction.* A. brought his action in the district court to recover of E.
and N. $250, for an alleged violation of the act entitled "An act for the
protection of stock from disease," approved February 26, 1867, and of
the amendments thereto. *Held,* The acts of 1872 and 1876, amendatory
of the original act of 1867, are to be taken as simply a portion of the
amended act, and not as independent statutes; and *held,* that within the
terms of section 2 of said act of February 26, 1867, the district court had
no jurisdiction of the subject-matter in controversy.

### *Error from Reno District Court.*

ACTION, originally brought by *Adams,* defendant in error,
against *Jesse Evans* and *Charles D. Nelson,* plaintiffs in error,
in the district court of Barbour county, and the venue was
subsequently changed to Reno county, where the cause was
tried at the April Term, 1877, of the district court, and judg-
ment rendered in favor of the defendant in error, *Adams.*
Plaintiff in the court below, *Adams,* based his cause of action
against the defendants below on an alleged violation by said
defendants of the act of the legislature entitled "An act for
the protection of stock from disease," approved February 26,
1867, and of the amendments thereto, claiming that they
drove and herded cattle, known as Indian or Texas cattle,
from the country south of Kansas, upon the quarantine
grounds situated in Barbour county, between June 1st, 1876,
and August 14th, 1876, which cattle were diseased with the
Texas or Spanish fever; that said disease was communicated
to eight of plaintiff's cattle, a portion of which died, to the
damage of the plaintiff in the sum of $250. *Evans* and
*Nelson* bring the case here for review.

*Ruggles, Scott & Lynn,* for plaintiffs in error:

The district court had no jurisdiction of the subject-matter
of this action, the sole power to try such causes having been
lodged with justices of the peace.

The constitution of this state (§ 6, art. 3) provides that "the district courts shall have such jurisdiction in their respective districts as may be provided by law." The law (Dassler's Stat., § 1298, p. 272) has provided that such courts "shall have original jurisdiction of all matters, both civil and criminal, *not otherwise* provided by law."

Under this provision, this court has decided that the mere granting of original jurisdiction in ordinary actions to other tribunals does not of itself operate to exclude the district court from exercising jurisdiction, and that both acts may stand—both tribunals have jurisdiction. (*Henderson v. Kennedy,* 9 Kas. 165, 166; *Shoemaker v. Brown,* 10 Kas. 390, *et seq.*)

These decisions are based upon the proposition that the legislature, in granting jurisdiction to such other tribunals, had neither directly or indirectly given such other tribunals *exclusive* jurisdiction of the subject-matter before the court, and that the court could not, for the purpose of depriving the district court of the original jurisdiction granted by this statute, add a term to the act of the legislature conferring jurisdiction on such other tribunals, which the legislature had left out.

But we submit that this rule has no application to cases arising wholly under a statute, and, that even if it did, the jurisdiction of the district court of the subject-matter of the case at bar is not sustained by these decisions nor by the reasons supporting them, because section 2 of the "Texas cattle law" (Dassler's Stat., § 5311, p. 997) specifically provides that "justices of the peace within their respective counties shall have *exclusive* jurisdiction of *all cases arising under this act.*"

If then, the case at bar arises under this "Texas cattle act," the district court had no jurisdiction to try or determine the same, because the very act that gives the right, creates the liability and provides the remedy, in express terms, gives exclusive jurisdiction to another tribunal of all cases arising under it; and "exclusive jurisdiction is that which gives to

one tribunal sole power to try the cause." (Bouvier's Law Dic.; word, *Jurisdiction.*)

That the case at bar arises under this "Texas cattle act" cannot be questioned, for it was under this act that the plaintiff prosecuted his suit; it is under this act the defendants are liable, if at all, and it was wholly and entirely under this act that the court below submitted to the jury the question of the plaintiff's rights and defendants' liability.

*A. A. Hurd,* for defendant in error:

Notwithstanding the fact that the cause of action is based upon a violation of what is commonly known as the "Texas cattle law," it is based only upon that provision of the supplement to the original act which took effect March 27th, 1873, and which was to "exempt certain territory from the operation of an act entitled 'An act for the protection of stock from disease'" (ch. 185, Laws of 1872 as amended in §1, ch. 133, Laws of 1876), and the petition charges that the defendants' cattle were Texas cattle and were diseased with the disease commonly known as Texas or Spanish fever, and that defendants drove or permitted to be driven, their cattle upon the premises occupied by plaintiff, and thereby communicated the disease which occasioned the loss for which suit was brought.

An act of the legislature must, under our statute, be liberally construed, and not only as to any particular section, but as to the entire act. A construction of the "Texas cattle law," under such rules, can only limit the exclusive jurisdiction of the justice to the criminal portion of the statute, as was evidently intended by the whole tenor of the act, as that portion of the act providing for the recovery of damages from the owner of the diseased stock, where disease had been communicated, was merely enacting in the form of a statute a remedy already existing under the common law, and without the statute, (excepting that portion giving a lien upon the cattle, under which we claim nothing.) Under our rules of pleading, the petition states the facts which would have au-

thorized a recovery had the statute never been enforced. But even if the jurisdictional question should be held to reach so far as to cover an action for damages under the original act of 1867, it could not be claimed to cover the supplemental act exempting certain territory from the operation of said law with the proviso that the party causing damage by the communication of disease should be liable for such damage, for had the proviso of the second section of the supplemental act been left out entirely, the act could not have been construed so as to exempt the trespasser from his common-law liability, the damage in this case having been done by the defendant driving his diseased stock upon the premises occupied by plaintiff, and thereby communicating disease to plaintiff's cattle.

The liability of the defendants below was not based, as is claimed by plaintiffs in error in the second clause of their brief, upon section 14 of the act, but on the contrary, was based wholly upon section 2, chapter 195, Laws of 1872, as amended section 1, chapter 133, Laws of 1876.

The opinion of the court was delivered by

HORTON, C. J.: Only a single assignment of error need be considered. This relates to the want of jurisdiction of the subject-matter of the action by the district court. Section 2 of the act of 1867 provides that justices of the peace, within their respective counties, shall have exclusive jurisdiction of all cases arising under the act. (Gen. Stat. 1014.)

An examination of the provisions of the constitution of the state, clearly establishes the fact that this authorization of jurisdiction is not in contravention of that instrument. Sec. 9, art. 3, declares that two justices of the peace shall be elected in each township, whose term of office shall be two years, and whose powers and duties shall be prescribed by law. Sec. 6 of the same article provides that the district courts shall have such jurisdiction in their respective districts as provided by law; and sec. 1 of the act "concerning district courts," empowers such courts with original jurisdiction of all matters,

both civil and criminal, *not otherwise provided by law.* (Gen. Stat. 304; *Henderson v. Kennedy,* 9 Kas. 165.) The conclusion is necessarily reached, that justices of the peace have the exclusive jurisdiction of cases arising under the said act of 1867, and are the sole officers or tribunals to try the same.

To avoid this deduction, counsel for defendant in error insists: *First,* As that portion of the act providing for the recovery of damages from the owner of the diseased stock, where such disease has been communicated to other cattle, was merely enacting in the form of a statute a remedy already existing under the common law, the provision of the act conferring exclusive jurisdiction on justices of the peace does not apply in civil actions. *Second,* That if the exclusive jurisdiction of justices reached so far as to include actions for damages under the original act of 1867, it would not include causes of action founded upon the supplemental act of 1872, as amended by the act of 1876.

In answer to the first objection, it is sufficient to say that the legislature, within the limits of the constitution, has the authority to determine the forum which shall try and decide cases, and when that forum has exclusive jurisdiction, suitors cannot seek other tribunals to obtain remedies for their wrongs. But further, in this case, independent of the act of 1867, as amended, the defendant in error had no standing in court under his petition. The cause was tried under this law; the court referred to its sections as establishing the rule of evidence to be followed, and all the instructions were based on its provisions. The petition contained no allegation of negligence against plaintiffs in error; no statement that they knew their cattle were diseased, or even that they ought to have had such knowledge.

In reply to the second objection against the exclusive jurisdiction of the justices, we must hold that the acts of 1872 (ch. 195, Laws 1872) and 1876 (ch. 133, Laws of 1876) are simply a portion of the original act of 1867, and not independent statutes. (*Burgess v. Railroad Company,* 18 Kas. 53.)

The title of the act of 1872 is "An act to amend an act entitled 'An act for the protection of stock from disease,' approved February 26, 1867," and the title of the act of 1876 is "An act to amend section 2 of chapter 195 of Laws of 1872." So, if these acts are to be construed as separate and independent statutes, instead of being taken as simply a portion of the amended act, and the whole as a single statute, then the acts of 1872 and 1876 are unconstitutional and void, as the subject-matter therein contained is not expressed in the titles to the acts. (Sec. 16, art. 2, State Const.; *Swayze v. Britton*, 17 Kas. 625; *Commissioners of Sedgwick County v. Bailey*, 13 Kas. 600.

Resorting to the rule, that the acts amending sections of a prior act are to be treated as a single statute, the provision of exclusive jurisdiction in section 2 of the act of 1867 is not only applicable to all cases arising under that act, but to the acts amendatory thereof, passed in 1872 and 1876. This result disposes of the case here, and will cause its dismissal in the inferior court, and we decline now to pass upon the other questions presented by counsel in their briefs.

The judgment of the district court must be reversed, and that court directed to dismiss the case for want of jurisdiction of the subject-matter in controversy.

All the Justices concurring.