ERMINE CASE, JR., v. E. M. BARTHOLOW, *et al.*

1. IDEM SONANS. A judgment against Augusta M. Bagwell and James H. Bagwell, in an action barring their rights in certain mortgaged premises, rendered upon default upon the service of a summons had out of the state, under section 1, chapter 113, laws 1871, is not void where personal service was actually made on said defendants, notwithstanding the affidavit for the service, after correctly using the names of the Bagwells in the title and body of the same, then states, where they occur the second and third times, "the said Augusta M. *Bagswell* and James H. *Bagswell*," and notwithstanding the summons in the case was directed to Augusta M. *Bagswell* and James H. *Bagswell.*

2. ———— *No Copy of Petition Required with Summons.* Under section 1, chapter 113, laws 1871, no copy of the petition filed in a case is required to be served with the summons to make the service valid.

3. ———— *Amendment, and Repeal of Statute.* Section 1, chapter 113, laws of 1871, takes the place of section 76, Gen. Stat. 644, and original section 76 is repealed by virtue of section 16, article 2, of the state constitution. (*Burgess v. M. C. & N. W. R. R. Co.*, 18 Kas. 53, 57; *Comm'rs of Jefferson Co. v. Hudson*, 20 Kas. 71, 75.)

4. FORECLOSURE OF MORTGAGE, *a Bar to Suit by Defendant to Foreclose Prior Mortgage on Same Premises.* A party who is made defendant to a foreclosure suit, under the allegation "that he has or claims some interest in or lien upon the said mortgaged premises, which interest or lien accrued subsequently to and is inferior to that of the said plaintiff," and against whom judgment is taken by default, "that he and all persons claiming under him since the commencement of the action are forever barred and foreclosed of all right and equity of redemption in the said mortgaged premises, and in each and every part thereof," is barred by such decree from maintaining a suit to foreclose a mortgage alleged by said defendant to be a prior one on the same premises; and, *held*, that the assignee of the said defendant mortgagee of the mortgage which is non-negotiable, and to which he obtained title, *pendente lite*, is also barred and foreclosed by the said judgment.

### *Error from Johnson District Court.*

ACTION brought by *Case*, against *Bartholow* and six others, to foreclose a mortgage given by *Bartholow* and wife upon certain lands in Johnson county, to Augusta M. Bagwell, and by her assigned to said *Case*. Trial at November Term, 1876, of the district court, and findings and judgment for defendants. New trial refused, and the plaintiff *Case* brings the case here.

*A. Smith Devenney*, and *W. Quigley*, for plaintiff in error:

The proceedings and decree rendered by the Douglas county district court have no binding force on Augusta M. Bagwell or James H. Bagwell, neither of whom appeared in or contested the facts of the case, and the court never acquired jurisdiction of those two persons. The court could only acquire jurisdiction in the mode and manner pointed out by the code of civil procedure of 1868. The predicate of service without the state is the affidavit of N. T. Stephens,

as found in the record ; and the making and filing of an affidavit in such case, as the law requires, are *jurisdictional* steps, without which the proceedings are *coram non judice*, and void. (9 Kas. 390; 31 Cal. 342; 14 Mich. 532.)

The petition of Gilbert and Gay in the Douglas county district court entitles the action "Gilbert and Gay vs. Bartholow, Augusta M. Bagwell and James H. Bagwell, et al." The affidavit of counsel entitles the action for service without the state "against Bagwill and Bagwill," and at the same time swears that Augusta M. Bagswill and James H. Bagswill are non-residents, etc.   Service was afterward made on Augusta M. Bagwell and James H. Bagwell.   We contend, therefore, that the record of the proceedings had in the Douglas county district court is not evidence against Augusta M. Bagwell or James H. Bagwell, for the reason that Bagswill is not Bagwell; they are not *idem sonans*, nor do they signify the same person. (11 Kas. 368.)

As bearing on the question of *idem sonans*, counsel cited : 6 Ala. 679 ; 5 Pike (Ark.), 72 ; 2 English (Ark.), 70 ; id. 394 ; 24 Ill. 602 ; 69 Penn. St. 128 ; 55 Mo. 582 ; 23 Mich. 19 ; 20 Pick. (Mass.) 4 ; 40 Penn. St. 453 ; 2 Curtis (U. S.), 84 ; 13 Johns. 77 ; 15 Johns. 226 ; 4 Cow. (N. Y.) 158.

The supposed or attempted service of process without the state, has no greater force or effect, under the amendatory act of 1871, if it cuts any figure in the case, than service by publication; and we maintain that said amendatory act, if in force, must be construed with § 76 of code of 1868, and that the law still requires a copy of the petition to be served with the summons in such cases.   This it seems was not done.

It will be perceived, however, that § 76 aforesaid has not been repealed, but remains in full force and effect.   As we understand the law, it seems to us that § 16, art. 2, of the constitution of this state, is decisive of this question, the words of which are as follows :

"No law shall be revived or amended, unless the new act contain the entire act revived, or the section or sections

amended, and the entire section or sections so amended shall be repealed."

If we are correct in this matter, then it is submitted that ch. 113 of the session laws of 1871 is invalid. This leaves § 76 of code of 1868 in full force and effect, and hence the service of copy of the petition, with summons, was necessary in order to give jurisdiction to the court of Mrs. and Mr. Bagwell. The court found that no copy of the petition accompanied the summons, and none was served on Mrs. or Mr. Bagwell.

The decree of the Douglas county district court is void on its face, as against Mrs. and Mr. Bagwell. They are not named or mentioned in the decree, while the other defendants are. There is no relief prayed for as against Mrs. and Mr. Bagwell in the petition of Gilbert and Gay, yet the decree, it is claimed, cut off their "right to redeem" from Gilbert and Gay's *paramount* lien or mortgage. Evidently, it was not intended in and by the decree that Mrs. and Mr. Bagwell's interest, under their first mortgage, should be in any manner affected thereby, or they would have been named in and made parties to the decree; clearly, the decree was not intended to meet them, as the record discloses that *they* are not named in the process, nor was the process directed to them, it being directed to Augusta M. Bagswill and James H. Bagswill.

*S. O. Thacher,* for defendants Griffith and Gay:

The affidavit of N. T. Stephens for service of summons, correctly uses the names of the Bagwells, both in the title of the cause and also in the body of the affidavit, stating who are sued, where the names first occur; but where they occur the second and the third time, the affidavit states, the "said Augusta M. Bagswell and James H. Bagswell." The counsel in his brief is clearly incorrect as to the names used both in the affidavit and in the summons served in the cause on the Bagwells. The word "said" in the affidavit clearly shows who was meant. But *quœre:* where a party

is served with summons out of the state, is any affidavit required? If so, by what authority? To make publication notice, affidavit must be filed, but where is the law requiring an affidavit before personal service can be made out of the state? The provision in ch. 113, laws 1871, it seems to me by implication does not require an affidavit, for the personal service out of the state is made equal to publication service.

The question of *idem sonans* is not difficult. It seems the sheriff of Jackson county, Missouri, had no trouble from the names in the summons, in finding the right persons to serve. Bagswell, Bagwell, or even Bagwill, are all clearly within the rule. Even in a criminal case it was held that McDonald and McDonnell were the same. (47 Ill. 535.) Conly was held to be Connolly in 2 Iowa, 90. So, too, Marres (pronounced Mar-res), was held to be the same as Mars, in a criminal case. (103 Mass. 421.) Pillsby equals Pillsbury in 9 Ohio, 120. In a criminal action Geesler equals Geissler in 20 Ind. 444. Beckwith and Beckworth were considered the same in 4 Blackf. 171, a case quite in point. No variance held between Conn and Corn in 8 Ind. 19. Adanson and Adamson held the same, 7 Blackf. 325. Chambles equals Chambless in 28 Ala. 53; and Usey is the same as Usury in 10 Ala. 370. A very interesting discussion of this question, with citation of authorities, is found in 21 Mo. 498.

This disposes of the argument as to jurisdiction, as made by plaintiff; but it is by no means conceded, granting all counsel says, that the judgment in *Gay v. Bartholow, et al.,* is open to the attack. Mrs. Bagwell had personal notice of the pendency of the action. The judgment finds due service of summons upon her, and bars her interest in the realty. Now, if the affidavit and summons are open to any charge at all, it is one of very small irregularity. It certainly is not jurisdictional. That the foundation of service of summons out of the state on the Bagwells was duly made, I cannot doubt.

And this brings us to another matter which is found in

plaintiff's brief, to wit: No copy of the petition was served with copy of the summons, and this, it is claimed, is also jurisdictional. Original section 76 of the code was changed to an entirely different thing, by the amendment of ch. 113, laws 1871. I should be pleased to have counsel show where and how a clause about serving a copy of the petition can be injected into the amended section. Whether repeals by implication are such nightmares as counsel supposes, has been a very doubtful question to me ever since the decision of *Bennett v. Hutchinson*, 11 Kas. 398, and I think I need do no more than refer to that case.

It is said that judgment in *Gay v. Bartholow* was taken too soon, but that cannot be inquired into in this collateral way. Besides, the summons follows the statute, and required the Bagwells to answer "within sixty days from the day of service." It was served July 30th, and the Bagwells were in default after September 28th. It is hardly worth while to follow counsel's citation of authorities under totally different statutes from ours. The Michigan and New York cases are not decisions under a statute which fixed the time of answering "within sixty days after the date of service."

It is claimed the court did not approve the service on the Bagwells. This is an error. See page 65, where it is said the cause came on to be heard on "due proof of service of summons in the action upon all the defendants."

But the plaintiff says the decree don't bar us. All the defendants in *Gay v. Bartholow, et al.*, are barred and foreclosed by the decree, in express words: "That the defendants and all persons claiming under them, or any or either of them, since the commencement of this action, be forever barred and foreclosed," etc. Can anything be more explicit?

It is not necessary for us to discuss the question of prior mortgagees. The Bagwells had their day in court on a petition that averred the interest they had in the lands sought to be foreclosed "to have accrued subsequent to and to be inferior" to that of Gay, and to this averment they assented by

not denying it, and so it stands true in every form necessary to uphold the decree entered.

The opinion of the court was delivered by

HORTON, C. J.: This action was brought by the plaintiff in error against the defendants in error in the court below to foreclose a mortgage on certain real estate in Johnson county, given by E. M. and M. J. Bartholow to Augusta M. Bagwell, and by her assigned to the plaintiff, on July 24th, 1875. On Jan. 1st, 1875, the said Bartholows gave a mortgage on the land in controversy, as well as on land in Douglas county, to Henry Gay for the benefit of Gilbert & Gay, which was recorded in Johnson county, January 16th, 1875, and in Douglas county, January 26, 1875. The mortgage from the Bartholows to Mrs. Bagwell was executed November 30th, 1874, and was recorded in Johnson county, December 19th, 1874. No note or bond accompanied the latter mortgage, and it purports to have been executed to secure the payment of the sum of $2,000, due and owing to G. W. E. Griffith by M. F. G. Dyer, and for which Griffith had a lien on land conveyed by Dyer to Bagwell, on the date of the execution of this mortgage. In the suit of the plaintiff in error to foreclose the latter mortgage, Griffith & Gay answered jointly, and among other defenses alleged the foreclosure of the mortgage of Jan. 1st, 1875, in an action commenced July 16th, 1875, in Douglas county, and thereby that A. M. and J. H. Bagwell were forever barred of all rights and equity of redemption in the premises in controversy in this case, as also the plaintiff in error, who purchased, *pendente lite*. The parties waiving a jury, the case was tried by the court.

The judgment of the foreclosure action in Douglas county was sustained.

The principal question now is, whether this decree of the Douglas county suit is valid and binding as affecting the Bagwells?

I. Counsel for the plaintiff in error contend that the pro-

ceedings had in that court have no binding force on Augusta M. Bagwell nor James H. Bagwell, for the alleged reason that the court never acquired jurisdiction of these persons.

The petition in the Douglas county case was entitled "William L. Gilbert and Henry Gay v. Elijah M. Bartholow, Mary J. Bartholow, Mary F. G. Dyer, Augusta M. Bagwell and James H. Bagwell." Service was made out of the state on the Bagwells, under § 1, ch. 113, laws of 1871. The point is made that the affidavit of N. T. Stephens is fatally defective, because he states therein, as the predicate for service, that Augusta M. Bagswell and James H. Bagswell claim some interest in the subject-matter of the action, and that said Augusta M. Bagswell and James H. Bagswell are non-residents, etc.; and that service and proceedings based thereon are not binding against the Bagwells, as Bagswell is not Bagwell; that the words are not *idem sonans,* and that they do not signify the same persons.

The objection is not well taken. There is not the same or as much difference between "Bagswell" and "Bagwell" as between "Brimford" and "Binford," cited in *Entrekin v. Chambers,* 11 Kas. 368; but, aside from the rules of the orthography and orthoëpy of the two names, the additional facts in this case present a very different question from that in *Entrekin v. Chambers,* supra. The affidavit of Stephens correctly uses the names of the Bagwells in the title of the cause, and also in the body of the same, stating who are sued. Where the names *first* occur, and when they occur the *second* and *third* times, the affidavit states, "and the *said* Augusta M. Bagswell and James H. Bagswell." The word *said* clearly shows who were meant. The summons was directed to Augusta M. Bagswell and James H. Bagswell, but it was personally served on Augusta M. Bagwell and James H. Bagwell, on July 30th, 1875, in Kansas. City, county of Jackson, and state of Missouri, by delivering to each of them a copy of it and leaving the same with them. These proceedings, if irregular, are not void, and cannot be attacked collaterally.

II. It is further objected that said service is void, because no copy of the petition was served with the summons as required by section 76 of the code of 1868; that chapter 113, laws of 1876, is invalid, and said section 76 still in force. Counsel is here again at fault. Section 1, chapter 113, laws of 1871, takes the place of section 76 of General Statutes, 644, and the original section 76 is by virtue of section 16 of article 2 of the constitution repealed. Said section 16 of article 2 of the constitution of the state has been literally complied with in the passage of said section 1, chapter 113, laws 1871. The new act of 1871 contains the entire section amended and now in force, and by the concluding provision of said section 16 of the constitution, the original section no longer exists. By the amendment the old section is stricken out and the amended section inserted, and the whole is to be treated as a single statute. It is not necessary, as counsel argue, that the new act should repeat the words of the old section. It is sufficient if the new act shall contain the entire section amended. Neither is it necessary that the new act should contain the words, "that the act amended be repealed." The repeal follows by virtue of section 16 of article 2 of the constitution. (*Burgess v. M. C. & N. W. Rld. Co.*, 18 Kas. 53, 57; *Comm'rs of Jefferson Co. v. Hudson*, 20 Kas. 71, 75.) Under said chapter 113, no copy of the petition is required to be served with the summons.

III. It is also objected that the decree of foreclosure did not bar or cut off the rights of Mrs. Bagwell under the mortgage of November 30th, 1874, as it was prior to the mortgage foreclosed in Douglas county, which was executed January 1st, 1875. The petition filed by Gilbert & Gay, averred that the interest or lien the Bagwells had in the lands sought to be foreclosed, accrued subsequently to and was inferior to that of said plaintiffs. To this petition the Bagwells had their day in court. The judgment finds due service of summons on Mrs. Bagwell, and bars all the defendants in that suit and all persons claiming under them, or any or either of them, since the commencement of the action, from all right in the mort-

gaged premises, and in each and every part and parcel thereof. This included Mrs. Bagwell, and is also effective against the plaintiff in error, who took an assignment of the mortgage of Mrs. Bagwell during the pendency of said action. This instrument was non-negotiable, and was taken by the plaintiff in error subject to all the defenses against it. He stands in Mrs. Bagwell's shoes, and is therefore bound by the decree. (*Short v. Nooner*, 16 Kas. 220.) That a single lien-holder has the right to bring in as parties defendant other lien-holders, and litigate as against them the validity and extent of their alleged liens, see *Bradley v. Parkhurst*, 20 Kas. 462.

The judgment of the district court will be affirmed.

All the Justices concurring.