The opinion of the court was delivered by
Horton, C. J.:
Plaintiff in error alleges that the action brought by defendant in error against him cannot be sustained, because, as he contends, he is not liable upon the bill of exchange as indorser, guarantor, or otherwise. He also alleges that if he was the indorser of the bill, he is not liable, as the bill was paid upon presentment, and if it had not been, no recovery could be had against him, as no steps were taken to charge him as indorser. He further submits that he is not liable for the money paid to the false and spurious payee, as he received no benefit from it. He claims he went to the' bank merely to identify W. W. Owen; that at the request of the cashier he wrote his name on the back of the bill, for the purpose of identifying Owen; that he had no interest in the bill, did not negotiate it, and was not informed and did not understand he was signing as an indorser. The positions taken by plaintiff in error are untenable. His contract was a written one, and he became liable to all its terms. An indorsement of a bill by a third person regularly, following that *732 of a payee, constitutes such third person an indorser of the bill, and thereby he assumes all the obligations and liabilities of an indorser of negotiable paper. It is true, in this case, W. W. Owen was not the real payee, and was in fact a false and spurious payee only, and therefore his indorsement of the bill did not transfer title to Cochran or Atchison, but at the time of the indorsement by Cochran, the latter, by writing his name on the back of the bill, immediately following that of Owen, warranted the genuineness of the prior indorsement, and that he had a valid title thereto. By such warranty of the genuineness of the prior signature, he placed himself in the position of an indorser of the bill. He was accepted by Atchison as an indorser. The money was paid on the bill because of his indorsement, and reliance upon the well-defined contract which the-law implies by such indorse- . ment. He cannot now be heard to say he did not understand he was signing as an indorser, nor can he, after having assumed the obligations and liabilities of an indorser, relieve himself of the consequences to the injury of his indorsee, upon the ground that the loss to such indorser was occasioned by the latter’s own negligence. Cochran by his indorsement engaged the bill would be paid according to its purport, and this engagement was conditional upon due presentment or demand and notice. He also engaged that the bill was in every respect genuine; that it was the valid instrument it purported to be; that the parties thereto were competent; that he had a lawful title to the bill,- and the right to indorse it. (Daniel on Negotiable Instruments, §§ 669, 672, 673; Chalmers’s Digest, pp. 215, 217, arts. 217, 220.) It is well settled by the authorities, if it turns out that any of these latter engagements are not fulfilled, the indorser may be sued for the recovery of the original consideration which has failed, or be held liable as a party without proof of demand and notice. (Daniel on Negotiable Instruments, § 669.) Even after the payment of a bill, if it be ascertained that any of the indorsements ate forged, the drawee can recover back from the person to whom he paid it, and so each preceding indorser *733 may recover from the person who indorsed it to him. In this case, it turned out that the engagement of Cochran as indorser was not fulfilled. W. W. Owen was not the real payee; he was in fact a false and spurious payee; he was not the lawful holder of the bill, and had no right of property or possession therein. Neither Owen nor Cochran had the right to indorse it or appropriate its proceeds. Although Atchison took the draft upon the indorsement of Cochran in good faith and for value, he had no right or title to it, and his payment of the draft to Owen did not divest or impair the title of the true owner, who had not indorsed it. If a bill is payable to the order of a person, and another person of the name of the payee gets hold of it and indorses it to a party who takes it in good faith and for value, such party acquires no title to the bill. (Chalmers’s Digest, art. 81, p. 89.) It is immaterial whether Cochran acted in good faith or not. He is held by his written contract, and as Atchison took the paper thereon and parted with his money, he was entitled to have it refunded, as he acquired no title or interest in the bill, and was wrongfully deprived of his money without any consideration therefor. Cochran was liable upon his written contract of indorsement, without proof of demand and notice.
Counsel for defendant suggest that as “Owen,” not “ Owens,” indorsed his name on the back, that Atchison was guilty of negligence in taking the bill without the indorsement thereon of the name of the payee. Atchison and Cochran seem to have regarded the bill payable to W. W. Owen, and in this neither was guilty of negligence, because the difference in pronunciation between “Owen” and “Owens” is so slight as not to amount to a variance. The two names might be taken promiscuously to be the same in common use. (Stevens v. Stebbins, 3 Scam. 25.)
The judgment of the district court will be affirmed.
All the Justices concurring.