Rowe v. Palmer.

---

JANE ROWE, *et al.*, v. WILSON PALMER, *et al.*

1. IDEM SONANS; *Judgment Valid.* A judgment against Joseph Shaffer, quieting title to a certain piece of land, rendered upon a default and upon service by publication only, is valid and binding as against the owner of the land whose name is Joseph Shafer.

2. SERVICE BY PUBLICATION; *Sufficiency of Affidavit.* Service by publication was founded upon the following affidavit, (omitting court and title:) "J. F. Chandler, being duly sworn, says that he is the agent of the plaintiff in this action; that defendant is a non-resident of Kansas; that service of summons cannot be made upon him within this state; and that the above action relates to and the subject of it is real property situated in Miami county, Kansas, in which the defendant has an interest from which the plaintiff seeks to exclude him." *Held,* That service made thereon cannot be attacked collaterally.

3. JURISDICTION; *Demurrer; Judgment Cannot be Attacked Collaterally.* From the petition and service by publication, the court acquired jurisdiction over the real estate therein described; thereafter the court had the power to decide every question that occurred in the cause, and whether the petition was sufficient in its allegations, if challenged by demurrer, is immaterial, as the judgment cannot be attacked collaterally on the ground that the petition did not state a cause of action, when it contained sufficient matter to challenge the attention of the court as to its merits, and there was presented by it such a case as authorized the court to deliberate and act.

22—29 KAS.

*Error from Miami District Court.*

ACTION in ejectment, brought by Rowe and others against *Palmer* and another, to recover certain real estate situated in Miami county. Trial at the May Term, 1882, of the district court, and judgment for defendants. The plaintiffs bring the case here. The facts appear in the opinion.

*Beeson & Baker*, for plaintiffs in error.

*W. T. Johnston*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by the plaintiffs against the defendants, to recover a quarter-section of land situate in Miami county. The defendants, Wilson Palmer and Martha Ann Palmer, defended for a portion thereof. The second or final trial was had before the court without the intervention of a jury. Upon the trial it was established that Joseph Shafer was the patentee from the United States of the land in controversy, and that the plaintiffs are the heirs of said Shafer. The defendants, Wilson Palmer and Martha Ann Palmer, introduced evidence of title to the part of the land claimed by them, based upon a judgment of the district court of Miami county, rendered November 18, 1875, wherein Sarah A. Williams was plaintiff, and Joseph Shaffer defendant. By this judgment, title to the land was quieted in Sarah A. Williams, and after said judgment, and on the 25th day of August, 1876, Sarah A. Williams and Joseph A. Williams her husband conveyed by deed the premises to the defendant Wilson Palmer, subject to a mortgage to one A. C. Jacobs, for $200. The court found that the judgment in the case of Sarah A. Williams *v.* Joseph Shaffer, estopped the plaintiffs from recovering the real estate therein described. This ruling is complained of. The service in the case of Sarah A. Williams *v.* Joseph Shaffer was by publication, and it is alleged that the judgment is without force, because the action was against Joseph Shaffer, and not against Joseph Shafer, the ances-

tor of the plaintiffs; second, that the affidavit upon which the service by publication was founded, was insufficient; and further, that the petition filed by Sarah A. Williams stated no cause of action, and therefore was not the foundation for the decree.

I. Within the doctrine of *idem sonans* the variance between Sha*ff*er and Sha*f*er is not sufficient to render the judgment of the 18th of November, 1875, a nullity. The question of variance of sound in the different spelling of names has frequently been a matter of discussion before the courts, and our conclusion is supported by *Case v. Bartholow*, 21 Kas. 300, and *Cochran v. Atchison*, 27 Kas. 728. See also the following list of names, where the variance in pronunciation has been held immaterial: Josiah and Josier, 1 Litt. 216; Japheth and Japhath, 22 Ill. 257; Belton and Benton, 44 Ill. 32; Penryn and Pennyrine, 14 Md. 121; Corn and Conn, 8 Ind. 18; Charleston and Charlestown, 10 Ind. 366; Hudson and Hutson, 7 Mo. 142; Wooley and Wolley, 21 Ark. 462; Susan H. and Susannah H., 4 Blackf. 435; Pillsby and Pillsbury, 9 Ohio, 120; Steven and Stevens, 3 Scam. 25.

II. The affidavit for service by publication, which is alleged to be fatally defective, reads as follows, (omitting court and title:)

"J. F. Chandler, being duly sworn, says that he is the agent of plaintiff in this action; that defendant is a nonresident of Kansas; and that service of summons cannot be had upon him within this state; and that the above action relates to and the subject of it is real property, situated in Miami county, Kansas, in which defendant has an interest, from which the plaintiff seeks to exclude him."

As this affidavit was drawn in substantial compliance with § 72 of the code, it was sufficient foundation for service by publication. At least, the service made thereon cannot be attacked collaterally. (*Ogden v. Walters*, 12 Kas. 282.)

III. The petition filed by Sarah A. Williams alleges:

"That on December 2, 1873, the sheriff of Miami county, Kansas, by virtue of an execution issued on a judgment legally rendered in favor of J. A. Williams against Joseph Shaffer,

levied upon all the real estate belonging to Shaffer, in the
N.E. $\frac{1}{4}$ of 11–19–23, in Miami county, Kansas, and the
same day, on actual view, caused the same to be duly ap-
praised, giving the names of the appraisers, etc., etc., and
after causing the same to be advertised according to law, on
the 6th day of January, 1874, at a public sale, duly and
legally held, sold the said real estate to S. A. Williams for
$367; and afterwards, on the 10th day of January, 1874, ex-
ecuted a deed to S. A. Williams for said lands, described as
being a part of the northeast quarter of section 11, township
19, range 23, containing 100 acres more or less, situated in
Miami county, state of Kansas."

Then follows an averment that said description is defective
and indefinite, because it does not describe what portion of
said quarter-section it was intended to convey.

Then follows what plaintiff says is an accurate description
of said land, and about which there is no dispute; and then
that by reason of said indefinite description of said land,
Shaffer claims some interest in the same. Then follows a
prayer, asking that defendant be ordered to execute and de-
liver to plaintiff a deed conveying to plaintiff all of defend-
ant's right, title and interest in and to said real estate as
accurately described, and that in case said defendant shall fail
to execute and deliver to plaintiff said deed, the court may
order that defendant be excluded from any interest in said real
estate, and that said judgment operate as a deed of said lands
from defendant to plaintiff, and for such other and further
relief as plaintiff may be entitled to.

It is not necessary for us to decide whether the petition
states such a cause of action as would be good if challenged
by a demurrer. If it contains sufficient matter to chal-
lenge the attention of the court as to its merits, and such a
case is thereby presented as to authorize the trial court
to deliberate and act, a judgment rendered thereon is not
void. From the petition and notice by publication the court
acquired jurisdiction; thereafter it had the right to decide
every question that occurred in the cause, and whether its de-
cisions be correct or not, its judgment until reversed must be

regarded as binding.   Therefore the objections made to the judgment in the collateral way in which plaintiffs sought to do upon the trial of the case were properly overruled.   (*Paine v. Spratley,* 5 Kas. 525; *Entreken v. Howard,* 16 Kas. 551; *Burke v. Wheat,* 22 Kas. 722; *Bryan v. Bauder,* 23 Kas. 95.) The judgment of the trial court will be affirmed.

All the Justices concurring.