### No. 25,707.

The State of Kansas, ex rel. Charles B. Griffith, Attorney-general, *Plaintiff,* v. W. E. Anderson, Clerk of the District Court of Shawnee County, *Defendant.*

#### OPINION ON REHEARING.

##### SYLLABUS BY THE COURT.

Ouster—*Clerk of District Court—Judgment of Ouster.* The phrase "this act" in an amended section of a statute ordinarily refers to the original as well as to the amending act. A statute forbade certain conduct on the part of any state or county officer. In an express amendment to the section which fixed the penalty the list of officers to whom the punishment was made applicable omitted all excepting treasurers. This amended section was then changed by a further express amendment so as to include the provision: "any county officer . ·. . who shall violate any of the provisions of this act shall be deemed guilty of a misdemeanor." It is held that each section as amended became in effect a part of the original act. The words "this act" in the second amendment refer not merely to the amending act, but also to the original act as finally amended, and all county officers violating any provision thereof are thereby made guilty of a misdemeanor.

Original proceedings in quo warranto. Opinion on rehearing filed January 10, 1925. Judgment of ouster adhered to. (For original opinion see 117 Kan. 117, 230 Pac. 315.)

*Charles B. Griffith,* attorney-general, and *William A. Smith,* assistant attorney-general, for the plaintiff; *Frank Doster,* and *J. E. Addington,* both of Topeka, of counsel.

*Eugene S. Quinton,* and *W. E. Atchison,* both of Topeka, for the defendant.

The opinion of the court was delivered by

Mason, J.: On rehearing the defendant urges that a violation by a clerk of the district court of the statute referred to in the original opinion, forbidding county officers to retain any compensation or reward for doing anything appertaining to the duties of their office (R. S. 21-1607), is not a misdemeanor because the section fixing a penalty therefor has been repealed. The basis of the contention is this: Section 5 of the original act (Laws 1867, ch. 132; Gen. Stat. 1868, ch. 31, pp. 389-390), of which the provision above referred to formed section 3, subjected to a fine any state or county officer who should violate any of its provisions. Sections 1 and 5 were amended in 1871 and in the amendment to section 5 (which fixed the penalty) the list of persons subject thereto included only public treasurers,

all other officers being omitted. (Laws 1871, ch. 152, §§ 1, 3.) Section 1 of the 1871 act amended section 1 of the 1867 act, repealing, of course, the original section, and section 3 of the 1871 act amended section 5 of the 1867 act, repealing the original section. This left the statute without a provision for punishment so far as officers other than treasurers were concerned. But in 1889 the penalty section was again amended (Laws 1889, ch. 237, § 2) into its present form, including the provision that "any county officer . . . who shall violate any of the provisions of this act shall be deemed guilty of a misdemeanor." The act of 1889 described the penalty section which it amended as section 3 of chapter 152 of the Laws of 1871, which it was; but it was also section 5 of chapter 132 of the Laws of 1867, as amended, a fact the legislature recognized by including (as the amendment of 1871 had done) the subtitle "section 5" as a part of the section as it should read after the amendment. An amendment to a section of a statute is regarded as incorporated into the original act and becoming a part of it. (*Blake v. Board of Education,* 112 Kan. 266, 267, 210 Pac. 351.) The first amendment of the penalty section at the time of its adoption became in effect a part of the act of 1867. When it was amended the original act was thereby amended, and the words "this act" in the latest form in which the statute was cast referred to the whole act as finally amended, and not merely to the second amending act. (*Wright v. Cunningham,* 115 Tenn. 445; *State v. Buttignoni,* 118 Wash. 110; see, also, *Evans v. Adams,* 21 Kan. 119; *The State v. Berry,* 103 Kan. 891, 176 Pac. 649.)

The fact that there is a statute requiring the clerk of the district court in counties having a population of more than 70,000 to deposit all funds with the county treasurer on the day after their receipt (R. S. 19-2613) does not avail the defendant for two reasons—it has never been acted upon by him, and it was not operative in Shawnee county until some time after March 1, 1924, while the matters complained of took place largely in 1923.

The commissioner found that the defendant failed to file his four quarterly reports for 1923, for periods, respectively, of 4 months and 24 days, 2 months and 6 days, 24 days, and 1 month and 24 days beyond the time they were due by the mandatory terms of the statute, and during these periods retained moneys distributable to the county and state. Whether or not these delinquencies in themselves amounted to a ground of ouster, they militate against the ex-

ercise in the defendant's favor of such discretion as the court possesses in the matter, especially in view of the fact that he was drawing interest on the amounts so withheld.

The original judgment is adhered to and the defendant's office is declared forfeited, the forfeiture to be operative upon the filing of this opinion.