

# The Attorney General of Texas

October 12, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711· 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

001 Texas, Suite 700
ouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Dallas County District Attorney
Government Center
Dallas, Texas    75202

Opinion No. JM-75

Re:  Effective date of article 2372p-3, relating to regulation of bail bondsmen

Dear Mr. Wade:

The legislature enacted a statute to license and regulate bail bondsmen which became effective on August 27, 1973. See V.T.C.S. art. 2372p-3. Effective August 31, 1981, the legislature amended that statute with a complete re-enactment designed to more properly regulate the bail bond business. Prior to the 1981 amendment, section 9(b)(3) of that statute provided that a bondsman's license may be suspended or revoked by the county bail bond board for "conviction under the laws of this or any other state or of the federal government of a misdemeanor involving moral turpitude or of a felony." The 1981 amendment changed that section to provide for suspension or revocation of a license for "final conviction under the laws of this or any other state or of the United States of a misdemeanor involving moral turpitude or of a felony committed after the effective date of this Act" and changed section 3(c) to provide that persons who committed such crimes after "the effective date of this Act" are not eligible for a license. See Acts 1981, 67th Leg., ch. 312; Acts 1973, 63rd Leg., ch. 550.

You have asked whether "the effective date of this Act" in sections 3(c) and 9(b)(3) of article 2372p-3 is August 27, 1973, the date of the original act, or August 31, 1981, the date of the amendatory act. We conclude that this phrase refers to August 27, 1973, and that sections 3(c) and 9(b)(3) presently refer to offenses committed after August 27, 1973.

In re-enacting article 2372p-3, the legislature used the words "this Act" at least 52 times in 10 different sections of that article. For instance, the language in section 3(c) is:

> (c)  No person shall be eligible for a license under this Act, who after the effective date of this Act, commits an offense for which he is finally convicted . . . (Emphasis added).

Section 9(b) states that:

> (b) The board may, on its own motion, and shall, on receipt of a sworn complaint providing reasonable cause to believe that a violation of this Act has occurred or on the request of a court, investigate the actions and records relating to such complaint against any bondsman it has licensed. The board may, after notice and hearing, suspend or revoke a license for:
>
> . . . .
>
> (3) final conviction under the laws of this or any other state or of the United States of a misdemeanor involving moral turpitude or of a felony committed after the effective date of this Act . . . (Emphasis added).

We conclude that the phrase "this Act" in an amended section of a statute ordinarily refers to the original act as amended, and not merely to the amending act. We believe that the legislature, in this instance, intended the phrase "after the effective date of this Act" *to refer to the effective date of the original statute and not to the* effective date of the amending act. We believe that if the legislature intended otherwise, it would have provided for offenses committed "after the effective date of this amendment." This conclusion is in accord with decisions reached in other jurisdictions. See Henry v. McKay, 3 P.2d 145, 151 (Wash. 1931); State v. Anderson, 232 P. 238 (Kan. 1924); Sutherland, Statutory Construction, 4th ed., §22.35.

### S U M M A R Y

The provisions relating to offenses committed "after the effective date of this Act" in article 2372p-3, sections 3(c) and 9(b)(3), V.T.C.S., refer to August 27, 1973, the date of the original act, instead of August 31, 1981, the date of the amendatory act.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood