Honorable Henry Wade Dallas County District Attorney Government Center Dallas, Texas 75202
Re: Effective date of article 2372p-3, relating to regulation of bail bondsmen
Dear Mr. Wade:
The legislature enacted a statute to license and regulate bail bondsmen which became effective on August 27, 1973. See V.T.C.S. art. 2372p-3. Effective August 31, 1981, the legislature amended that statute with a complete re-enactment designed to more properly regulate the bail bond business. Prior to the 1981 amendment, section 9(b)(3) of that statute provided that a bondsman's license may be suspended or revoked by the county bail bond board for `conviction under the laws of this or any other state or of the federal government of a misdemeanor involving moral turpitude or of a felony.' The 1981 amendment changed that section to provide for suspension or revocation of a license for `final conviction under the laws of this or any other state or of the United States of a misdemeanor involving moral turpitude or of a felony committed after the effective date of this Act' and changed section 3(c) to provide that persons who committed such crimes after `the effective date of this Act' are not eligible for a license. See Acts 1981, 67th Leg., ch. 312; Acts 1973, 63rd Leg., ch. 550.
You have asked whether `the effective date of this Act' in sections 3(c) and 9(b)(3) of article 2372p-3 is August 27, 1973, the date of the original act, or August 31, 1981, the date of the amendatory act. We conclude that this phrase refers to August 27, 1973, and that sections 3(c) and 9(b)(3) presently refer to offenses committed after August 27, 1973.
In re-enacting article 2372p-3, the legislature used the words `this Act' at least 52 times in 10 different sections of that article. For instance, the language in section 3(c) is:
 (c) No person shall be eligible for a license under this Act, who after the effective date of this Act, commits an offense for which he is finally convicted . . . (Emphasis added).
Section 9(b) states that:
 (b) The board may, on its own motion, and shall, on receipt of a sworn complaint providing reasonable cause to believe that a violation of this Act has occurred or on the request of a court, investigate the actions and records relating to such complaint against any bondsman it has licensed. The board may, after notice and hearing, suspend or revoke a license for:
. . . .
 (3) final conviction under the laws of this or any other state or of the United States of a misdemeanor involving moral turpitude or of a felony committed after the effective date of this Act . . . (Emphasis added).
We conclude that the phrase `this Act' in an amended section of a statute ordinarily refers to the original act as amended, and not merely to the amending act. We believe that the legislature, in this instance, intended the phrase `after the effective date of this Act' to refer to the effective date of the original statute and not to the effective date of the amending act. We believe that if the legislature intended otherwise, it would have provided for offenses committed `after the effective date of this agreement.' This conclusion is in accord with decisions reached in other jurisdictions. See Henry v. McKay, 3 P.2d 145, 151 (Wash. 1931); State v. Anderson, 232 P. 238 (Kan. 1924); Sutherland, Statutory Construction, 4th ed., § 22.35.
 SUMMARY
The provisions relating to offenses committed `after the effective date of this Act' in article 2372p-3, sections 3(c) and 9(b)(3), V.T.C.S., refer to August 27, 1973, the date of the original act, instead of August 31, 1981, the date of the amendatory act.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Nancy Sutton Assistant Attorney General